Mitchell N. Reinis CSB 36131
mreinis@thompsoncoburn.com
Rowena Santos CSB 210185
rsantos@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Kathy A. Wisniewski (*pro hac vice*)
kwisniewski@thompsoncoburn.com
John W. Rogers (*pro hac vice*)
jrogers@thompsoncoburn.com
Stephen A. D'Aunoy (*pro hac vice*)
sdaunoy@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO  63101
Tel: 314.552.6000/ Fax: 314.552.7000

Attorneys for Defendant,
CHRYSLER GROUP LLC

Note: Revision made to doc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PETER VELASCO, et. al, | CASE NO. 2:13-CV-8080 DDP (VBKx) |
| Plaintiffs, | Assigned to the Honorable Dean D. Pregerson |
| v. | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS** |
| CHRYSLER GROUP LLC, | |
| Defendant. | |

IT IS HEREBY AGREED AND ORDERED:

1. In connection with discovery furnished by any of the parties (or any of their present and former directors, officers, employees, and agents) in the above-captioned action (the "Action"), any party may designate any document as "Confidential" under this Stipulated Protective Order Regarding Confidentiality and Return of Documents (the "Order") if that party and its counsel in good faith believe that the designated restriction is appropriate because the document contains or reflects trade secrets or other confidential research and development, financial, commercial, or personal information. Documents designated as "Confidential" shall be limited to documents which have not been made public and in which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position; or, in the case of individuals, shall be limited to documents which reveal personal information such as contact information, vehicle identification number, or social security number. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those pages of a document that qualify – so that other portions of the document for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS

2.     Any documents to be designated as "Confidential" may be so designated by labeling the documents with the term "Confidential" prior to their production.  Similarly, documents produced on DVD, CD, or other media may be designated as "Confidential" by labeling the media as "Confidential" or placing the electronic file in a folder labeled "Confidential."  Within two weeks from the date the Court Reporter serves the official deposition transcript, any party may designate any or all portions of it as "Confidential" by written notice served on the opposing party identifying the pages or lines that are to be afforded "Confidential" treatment.  During the two week period following receipt of the deposition transcript, it shall be treated as "Confidential"; however, if there is a filing deadline during this period, such deposition transcript shall be treated as "Confidential" only until one week before such deadline.  Alternatively, a party may designate specific parts of a deposition as "Confidential" by stating on the record during the deposition which specific parts of the deposition should be so treated.  The term "document" as used throughout this Order includes any deposition transcript.

3.     The production by any party of any "Confidential" documents during this Action without a "Confidential" designation shall be without prejudice to any claim that such material should be treated as "Confidential" and such party shall not be held to have waived any rights by such production or disclosure.  In the event that such production occurs, counsel for the producing party may designate the documents as "Confidential."

4.     In the event that any party objects to the designation of any documents as "Confidential," that party may serve written notice on all parties specifying which documents are improperly designated.  During the fourteen (14) day period following service of such a notice, the parties shall confer in an effort to resolve the objections.  If the dispute is not resolved, the Designating Party may file and serve a motion to retain confidentiality within 14 days of the parties agreeing that the meet and confer

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS**

process will not resolve their dispute to resolve whether the documents should be treated as "Confidential."  Each such motion must comply with Local Rules 37-1 and 37-2 governing discovery disputes, and must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph.  Failure by the Designating Party to make such a motion including the required declaration shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph.  The burden of persuasion in any challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

5.    Documents designated as "Confidential" (and any information contained therein or derived therefrom) may be disclosed or made available by the receiving party only to the following:

(a)    The Court (including the Court's administrative and clerical staff).  If any papers to be filed with the Court contain "Confidential" information, the proposed filing shall be accompanied by an application to file the papers or

portion thereof containing the protected information under seal, and the application shall be directed to the judge to whom the papers are directed.

(b)     Attorneys of record and in-house attorneys in the Action, as well as the lawyers, paralegals, clerical and secretarial staff employed by and working for such attorneys on this case.

(c)     The parties as well as those officers, directors, in-house attorneys, or employees of the parties who are actively involved in the Action or who are otherwise necessary to aid counsel in the Action.

(d)     Court reporters transcribing depositions in the Action.

(e)     Any deposition, trial, or hearing witness in the Action, so long as they execute the form attached hereto as Exhibit A.

(f)     Any expert witness or consultant, which shall be defined to mean a person who has been retained by one of the parties in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with this Action, including any person working directly under the supervision of any such expert witness or consultant, provided that prior to the disclosure of documents designated as "Confidential" to any expert witness or consultant, the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the form attached hereto as Exhibit A.

(g)     Any other persons to whom the parties all agree in writing and who executes the form attached hereto as Exhibit A.

Nothing contained herein is intended to prevent either party from using "Confidential" documents or information at a hearing or trial in this matter; however, the parties shall take steps at the appropriate time to protect the confidential nature of the information and the use and treatment of such information will be addressed by separate Order.

6.     Documents designated as "Confidential" and information contained therein, shall not be disclosed to any person except in accordance with this Order and shall be used by the persons receiving them only for the purposes of preparing for, conducting, and/or participating in the conduct of this Action, and not for any business, personal, or other purpose whatsoever.

7.     Within thirty (30) days after the later of (i) final judgment or settlement of the Action and (ii) after the time for any and all appeals has expired, the parties and their counsel shall destroy or return to counsel for the producing party or third-party all documents produced in this Action and all copies thereof.  If counsel chooses to destroy the documents, counsel shall provide a written certification that such destruction has occurred.  Within the same thirty (30) day period, counsel shall supply to the producing party copies of each statement in the form attached hereto as Exhibit A that were signed pursuant to paragraph 5 of this Order, unless doing so would disclose the identity of a non-testifying witness or attorney work product.  Outside counsel of record for the receiving party may retain only one archival copy of:  deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and "Confidential" information to the extent it is included in such papers or reflected in that outside counsel's work product.

8.     Any documents produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

9.     If a party is served with a subpoena issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" that party must:  (a) promptly notify in writing the designating party

and such notification shall include a copy of the subpoena; (b) promptly notify in writing the party who caused the subpoena to issue in the other litigation that some or all of the material covered by the subpoena is subject to this Stipulated Protective Order and such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected.  If the designating party timely seeks a protective order, the party served with the subpoena shall not produce any information designated as "Confidential" before a determination by the court from which the subpoena was issued.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

10.    This Order may be amended or modified only by the Court.

DATED:  March 13, 2014        **THOMPSON COBURN LLP**

By:    /s/ Rowena Santos
_____
**MITCHELL N. REINIS**
**ROWENA SANTOS**

**KATHY A. WISNIEWSKI**
**JOHN W. ROGERS**
**STEPHEN A. D'AUNOY**

Attorneys for Defendant
CHRYSLER GROUP, LLC

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS**

DATED:  March 13, 2014          **GIRARD GIBBS LLP**


By:     /s/ Joshua G. Konecky
         **ERIC H. GIBBS
         DYLAN S. HUGHES
         CAITLYN D. FINLEY
         DAVID K. STEIN**

         **SCHNEIDER WALLACE COTTRELL
         KONECKY LLP**

         **TODD M. SCHNEIDER
         JOSHUA G. KONECKY**

         Attorneys for Plaintiffs,
         DAPHNE RAY, PHILIP LIGHTFOOT,
         CHRISTOPHER WHITE, JACQUELINE
         YOUNG, CHRISTOPHER LIGHT,
         BRADFORD SOULE, JOHN
         MELVILLE, and DONALD KENDRICK


   **Pursuant to Local Rule 5-4.3.4(a)(2), I, Rowena Santos, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


   Follow all Local Rules, including L.R. 79-5 re Filing Under Seal.



   **SO ORDERED THIS 26th DAY OF MARCH, 2014.**



                           /s/
                 Hon. Victor B. Kenton
                 United States Magistrate Court Judge

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS**

**EXHIBIT A**

1.    I, _____, residing at

_____ have read the foregoing Stipulated Protective

Order Regarding Confidentiality and Return of Documents (the "Order") in the

action captioned *Peter Velasco et al. v. Chrysler Group LLC*, Case No. 2:13-CV-

8080 DDP (VBKx), pending in the United States District Court for the Central

District of California, Western Division.  I agree to be bound by its terms with

respect to any documents designated as "Confidential" that are furnished to me as

set forth in the Order.  I further agree to destroy or return documents, either to the

attorneys who provided them to me, or to the producing party or third party

according to the terms of paragraph 7 of that Order.

2.    I hereby consent to the jurisdiction of the Court in which the Action is

pending with respect to any proceedings to enforce the terms of the Order against

me.

3.    I hereby agree that any documents designated as "Confidential" that

are furnished to me will be used by me only for the purposes of the Action, and for

no other purpose, and will not be used by me in any business affairs of my

employer or of my own, nor will the information contained therein be imparted by

me to any other person.


_____          _____

Signature                                                        Date

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I hereby certify that I caused the following document(s) to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record:

- **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS**

Los Angeles, California, March 13, 2014.

_____
*s/ Rowena Santos*
Rowena Santos

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS**