Rowena Santos CSB 210185
rsantos@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Kathy A. Wisniewski (*pro hac vice* motion pending)
kwisniewski@thompsoncoburn.com
John W. Rogers (*pro hac vice* motion pending)
jrogers@thompsoncoburn.com
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
Tel: 314.552.6000 / Fax: 314.552.7000

Attorneys for Defendant
CHRYSLER GROUP LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PETER VELASCO, et. al, | CASE NO. 2:13-CV-8080 DDP (VBKx) |
| Plaintiffs, | DISCOVERY MATTER |
| v. | |
| CHRYSLER GROUP LLC, | **DECLARATION OF JOHN W. ROGERS IN SUPPORT OF CHRYSLER GROUP LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |
| Defendant. | Date: November ___, 2014<br>Time: 10:00 a.m.<br>Judge: Hon. Victor B. Kenton<br>Courtroom: 590 |
| | Discovery Cutoff Date: None<br>Pretrial Conference Date: None<br>Trial Date: None |

I, John W. Rogers, declare:

1.     I am over 21 years of age and if called as a witness I could and would testify competently to the matters set forth in this declaration.  I make this declaration based on personal experiences and knowledge of the facts set forth herein.

2.     I am attorney of record for Defendant Chrysler Group.

3.     On April 10, 2014, Chrysler Group served on Plaintiffs its Response to Plaintiffs' First Set of Requests for Production of Documents.  A true and correct copy of Chrysler Group LLC's Response to Plaintiffs' First Set of Requests for Production of Documents is attached hereto as Exhibit A.

4.     On June 18, 2014, Chrysler Group served on Plaintiffs its Supplemental Response to Requests Nos. 3, 5, and 7 of Plaintiffs' First Set of Requests for Production of Documents.  A true and correct copy of Chrysler Group LLC's Supplemental Response to Requests Nos. 3, 5, and 7 of Plaintiffs' First Set of Requests for Production of Documents is attached hereto as Exhibit B.

5.     On October 2, 2014, Chrysler Group served on Plaintiffs its Supplemental Response to Request No. 12 of Plaintiffs' First Set of Requests for Production of Documents.  A true and correct copy of Chrysler Group LLC's Supplemental Response to Request No. 12 of Plaintiffs' First Set of Requests for Production of Documents is attached hereto as Exhibit C.

6.     On October 8, 2014, Chrysler Group served on Plaintiffs its Supplemental Response to Interrogatory No. 4 of Plaintiffs' First Set of Interrogatories.  A true and correct copy of Chrysler Group LLC's Supplemental Response to Interrogatory No. 4 of Plaintiffs' First Set of Interrogatories is attached hereto as Exhibit D.

7.     In response to discovery, Chrysler Group has produced over 86,500 pages of documents in this litigation to date.  As part of this production, Chrysler Group produced over 25,000 pages of documents from the files of engineers and

2

Regulatory Affairs personnel charged with reviewing issues related to the TIPM-7. These documents include intra-company emails, emails to and from the TIPM-7 supplier, presentations made by Chrysler Group and the supplier, and analysis reports prepared by Chrysler Group and the supplier.

8.     At 11:28 p.m. on Friday, September 5, 2014, I received an email from counsel for Plaintiffs, David Stein, demanding that Chrysler Group "provide a complete list of the databases, software, and systems it uses to store, query, or analyze the data listed in Interrogatory No. 4." The email concluded by stating "let us know when you are available for a Rule 37-1 call." A true and correct copy of the September 5, 2014 email from David Stein is attached hereto as Exhibit E.

9.     Because the communication from Plaintiffs' counsel came by way of an email, and not in the form of a letter as required by the Rule, counsel for Chrysler Group assumed that Plaintiffs' counsel was willing to continue to try to resolve the matter informally.

10.     Plaintiffs' counsel did not follow up on his September 5 email to me. That is, Plaintiffs' counsel never sent a letter requesting a Rule 37-1 conference in regard to Interrogatory No. 4, nor did Plaintiffs' counsel send another email to me or my co-counsel regarding Interrogatory No. 4 or a Rule 37-1 conference. Similarly, Plaintiffs' counsel never telephoned me or my co-counsel (or left a voicemail) regarding Interrogatory No. 4 or a Rule 37-1 conference. Plaintiffs' counsel never provided me or my co-counsel a time when they were available for the Rule 37-1 conference. Nor did Plaintiffs' counsel advise that the conference must be held within 10 days of the September 5 email (or within any specific time).

11.     On September 16, September 18, and September 22, I communicated with Plaintiffs' counsel about other matters relating to the case. During these communications, Plaintiffs' counsel did not mention Interrogatory No. 4 or a Rule 37-1 conference.

3

12.     On Tuesday, September 23, 2014, I realized that the parties had not had the required meet and confer regarding Chrysler Group's response to Interrogatory No. 4.  I thus emailed Plaintiffs' counsel and told them that I believed that the parties still had a dispute regarding Chrysler Group's response to Interrogatory No. 4, and that I was available to meet and confer that week.  A copy of my September 23 email to David Stein is attached hereto as Exhibit F.

13.     Plaintiffs' counsel never responded to my September 23, 2014, email in which I advised them that I was available for a meet confer that week regarding Chrysler Group's response to Interrogatory No. 4.

14.     On September 25, 2014, Plaintiffs' counsel emailed me stating that "[s]ince we did not hear back from Chrysler within 10 days of my September 5 email, we prepared the attached stipulation regarding Chrysler's responses to Interrogatory No. 4."  A true and correct copy of the September 25 email is attached hereto as Exhibit G.

15.     The parties did not hold the required meet and confer before Plaintiffs served Chrysler Group with their sections of the Joint Stipulation of Discovery Dispute on September 25, 2014.

16.     Counsel for Chrysler Group did not refuse to hold the required meet and confer regarding Chrysler Group's response to Interrogatory No. 4.

17.     At no time before being served with Plaintiffs' discovery motion on September 25, 2014, did Plaintiffs mention the database/system or search tool that are the subjects of their discovery motion (*i.e.*, the Electronic Corporate Issue Management System, the Warranty Information System and Quality Narrative Analyzer).  That is, Plaintiffs never advised Chrysler Group that they believed those databases/systems or software was responsive to Interrogatory No. 4.

//
//

4

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.   Executed in the City of Saint Louis, Missouri on September 11, 2014.

_____
JOHN W. ROGERS

**CHRYSLER GROUP LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

# EXHIBIT 2-A

Mitchell N. Reinis CSB 36131
mreinis@thompsoncoburn.com
Rowena Santos CSB 210185
rsantos@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

THOMPSON COBURN LLP
Kathy A. Wisniewski (admitted pro hac vice)
kwisniewski@thompsoncoburn.com
John W. Rogers (admitted pro hac vice)
jrogers@thompsoncoburn.com
One US Bank Plaza
St. Louis, Missouri  63101
Telephone:  (314) 552-6000
Facsimile:   (314) 552-7000

*Attorneys for Defendant Chrysler Group LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER VELASCO, *et al.*, | Case No. 2:13-cv-08080-DDP (VBKx) |
| Plaintiffs, | **CHRYSLER GROUP LLC'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| CHRYSLER GROUP LLC, | |
| Defendant. | |

Chrysler Group LLC ("Chrysler Group") responds to Plaintiffs' First Set of Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

Chrysler Group objects to Plaintiffs' definitions to the extent they seek to impose obligations with respect to discovery beyond those required by the applicable statutes and rules of court, and to the extent they attempt to ascribe to certain words or phrases meanings other than their customary and ordinary meanings.  The responses set forth herein are made solely for the purpose of this action.  Each response is made subject to all objections as to competence, materiality, relevance, or other objection as to admissibility that may apply in the event that any such response, or the information contained therein, is sought to be used in court.  Chrysler Group expressly reserves all such objections.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:  All Documents that refer to a plaintiff named in the operative complaint.

RESPONSE NO. 1:  Chrysler Group will provide, to the extent available, owner's reports related to the Class Vehicles owned by the named Plaintiffs in this lawsuit. Chrysler Group will also provide Customer Assistance Inquiry Records ("CAIRs") generated in response to communications made by the named Plaintiffs to Chrysler Group.  Chrysler Group further refers Plaintiffs to the documents it provided in its initial disclosures, Bates-numbered CGLLC058835 through CGLLC058924.

REQUEST NO. 2:  The user manual for each database, system, or software responsive to Interrogatory No. 4.

1    RESPONSE NO. 2: Chrysler Group objects to this request as overly broad, unduly

2    burdensome, and because access to Chrysler Group's databases or software is neither

3    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4

5    REQUEST NO. 3: All FMEA Documents relating to the TIPM in Class Vehicles.

6    RESPONSE NO. 3: Chrysler Group will provide, under the protective order,

7    available documents related to Failure Mode and Effects Analysis ("FMEA") conducted

8    on the TIPMs assembled into the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge

9    Durango (WD), and Dodge Grand Caravan (RT) vehicles.

10

11    REQUEST NO. 4: All Documents reflecting performance standards relating to the

12    TIPM in Class Vehicles.

13    RESPONSE NO. 4: Chrysler Group will provide, under the protective order, a

14    copy of engineering standards, including performance standards, related to the TIPMs

15    assembled into the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD),

16    and Dodge Grand Caravan (RT) vehicles.

17    Chrysler Group otherwise objects to this request as overly broad and unduly

18    burdensome in that it seeks "[a]ll Documents reflecting ...."

19

20    REQUEST NO. 5: All DVP&R Documents relating to the TIPM in Class

21    Vehicles.

22    RESPONSE NO. 5: Chrysler Group will provide, under the protective order,

23    available Design Verification Plan & Reports ("DVP&R") for the TIPMs assembled into

24    the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand

25    Caravan (RT) vehicles.

26

27

28

CHRYSLER GROUP LLC'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

1    REQUEST NO. 6:  All summaries, reports, memoranda, or change notices

2    reflecting actual or potential changes or modifications to the original equipment

3    manufacturer ("OEM") TIPM in Class Vehicles.

4    RESPONSE NO. 6:  Chrysler Group will provide, under the protective order,

5    change notices related to changes made in the TIPMs assembled into the 2011 and 2012

6    Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT)

7    vehicles.

8    Chrysler Group otherwise objects to this request as vague in its use of the term

9    "potential."  Chrysler Group further objects to this request as overly broad and unduly

10   burdensome in that it seeks "[a]ll summaries, reports, memoranda reflecting ...."

11

12

13   REQUEST NO. 7:  All communications with and Documents provided to a

14   government agency relating to the TIPM in Class Vehicles, including the NHTSA, EPA,

15   or the California Air Resources Board.

16   RESPONSE NO. 7:   Chrysler Group will search its records for communications, if

17   any, with the National Highway Traffic Safety Administration ("NHTSA"), the

18   Environmental Protection Agency ("EPA"), or the California Air Resources Board

19   ("CARB") related to the TIPMs assembled into the 2011 and 2012 Jeep Grand Cherokee

20   (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles.  If any such

21   documents are identified, a copy will be provided.

22

23   REQUEST NO. 8:  All communications with and Documents provided to or

24   received from the supplier of the TIPM in Class Vehicles referring to an actual or

25   suspected TIPM-related condition, issue, problem, or defect.

26   RESPONSE NO. 8:  Chrysler Group will search its records for communications

27   with and documents exchanged with Continental Automotive Guadalajara concerning a

28   problem or defect related to the TIPMs assembled into the 2011 and 2012 Jeep Grand

3

Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles.  If any such documents are identified, a copy will be provided under the protective order.

Chrysler Group otherwise objects to this request as vague in its use of the term "suspected."  Chrysler Group further objects to this request as overly broad and unduly burdensome in that it seeks "[a]ll communications" and "Documents."

REQUEST NO. 9:   All service messages or warranty bulletins relating to the TIPM in Class Vehicles.

RESPONSE NO. 9:  Chrysler Group has not issued warranty bulletins related to the TIPMs assembled into the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles.  Chrysler Group will provide a STAR Case it made available to its dealers regarding the TIPMs assembled into these vehicles.

Chrysler Group otherwise objects to this request as vague in its use of the term "service messages."

REQUEST NO. 10:  All Executive Summaries relating to the TIPM in Class Vehicles.

RESPONSE NO. 10:  Chrysler Group will search its records for presentations made to executives related to the TIPMs assembled into the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles.  If any such documents are located, a copy will be provided under the protective order.

Chrysler Group otherwise objects to this request as vague in its use of the term "Executive Summaries."  Chrysler Group further objects to this request as overly broad and unduly burdensome in that it seeks "[a]ll Executive Summaries relating to …."

1     REQUEST NO. 11:  All Documents referring to potential or actual containment or

2  corrective actions relating to the TIPM in Class Vehicles.

3     RESPONSE NO. 11:  Chrysler Group has not issued a recall, customer satisfaction

4  notice, or extended warranty related to the TIPMs assembled into the 2011 and 2012 Jeep

5  Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles.

6     Chrysler Group otherwise objects to this request to the extent it seeks documents

7  about potential actions because, to this extent, it is overly broad and seeks documents that

8  are neither relevant nor reasonably calculated to lead to the discovery of admissible

9  evidence.  Chrysler Group is investigating TIPM performance in the field and will decide

10  upon a course of action, if any, when the investigation is completed.

11

12

13     REQUEST NO. 12:  All Documents that refer to a potential or actual recall or

14  customer satisfaction program involving the TIPM in Class Vehicles.

15     RESPONSE NO. 12:  The TIPMs assembled into the 2011 and 2012 Jeep Grand

16  Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles are not

17  the subject of a recall or customer satisfaction notice.  If the TIPMs assembled into the

18  2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand

19  Caravan (RT) vehicles become the subject of a recall or customer satisfaction notice,

20  Chrysler Group will supplement this response accordingly.

21     Chrysler Group otherwise objects to this request to the extent it seeks documents

22  about potential actions because, to this extent, it is overly broad and seeks documents that

23  are neither relevant nor reasonably calculated to lead to the discovery of admissible

24  evidence.  Chrysler Group is investigating TIPM performance in the field and will decide

25  upon a course of action, if any, when the investigation is completed.

26

27     REQUEST NO. 13:  All summaries, reports, or memoranda relating to the back-

28  order or delayed availability associated with TIPM replacement parts for Class Vehicles.

1  RESPONSE NO. 13:  Chrysler Group will search its records for documents related
2  to back-orders on replacement parts for TIPMs assembled into the 2011 and 2012 Jeep
3  Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles.
4  If any such documents are identified, a copy will be provided under the protective order.
5      Chrysler Group otherwise objects to this request as overly broad and unduly
6  burdensome in that it seeks "[a]ll summaries reports or memoranda relating to ...."
7
8  REQUEST NO. 14:  All Documents reflecting or referring to the disclosure of a
9  problem or defect relating to the TIPM in Class Vehicles, made to purchasers or lessees
10 of Class Vehicles.
11  RESPONSE NO. 14:  Chrysler Group does not have documents responsive to this
12 request.
13
14
15 Dated:  April **10**, 2014          **THOMPSON COBURN LLC**
16
17                    By: _____
18                       Kathy A. Wisniewski
                          John W. Rogers
19                        *Attorneys for Defendant*
                          *Chrysler Group LLC*
20
21
22
23
24
25
26
27
28

CHRYSLER GROUP LLC'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of April, 2014, a copy of Chrysler Group LLC's Response to Plaintiffs' First Set of Requests for Production of Documents was served by electronic and first class mail on:

Eric H Gibbs
Dylan Hughes
Caitlyn D. Finley
David K. Stein
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108

Todd M. Schneider
Joshua G. Konecky
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104

*Attorneys for Plaintiffs*

_____
*Attorneys for Chrysler Group LLC*

# EXHIBIT 2-B

1    Mitchell N. Reinis CSB 36131
2    mreinis@thompsoncoburn.com
     Rowena Santos CSB 210185
3    rsantos@thompsoncoburn.com
     THOMPSON COBURN LLP
4    2029 Century Park East, 19th Floor
     Los Angeles, California 90067
5    Tel: 310.282.2500 / Fax: 310.282.2501

6    THOMPSON COBURN LLP
     Kathy A. Wisniewski (admitted pro hac vice)
7    kwisniewski@thompsoncoburn.com
     John W. Rogers (admitted pro hac vice)
8    jrogers@thompsoncoburn.com
     One US Bank Plaza
9    St. Louis, Missouri  63101
     Telephone:  (314) 552-6000
10   Facsimile:   (314) 552-7000

11   *Attorneys for Defendant Chrysler Group LLC*

12

13

14

15                 **UNITED STATES DISTRICT COURT**
16             **CENTRAL DISTRICT OF CALIFORNIA**

17   PETER VELASCO, *et al.*,         Case No. 2:13-cv-08080-DDP (VBKx)
18

19            Plaintiffs,      **CHRYSLER GROUP LLC'S**
                               **SUPPLEMENTAL RESPONSE TO**
20                          **REQUEST NOS. 3, 5 AND 7 OF**
       v.                      **PLAINTIFFS' FIRST SET OF**
21                          **REQUESTS FOR PRODUCTION OF**
     CHRYSLER GROUP LLC,      **DOCUMENTS**
22

23            Defendant.
24

25

26

27

28

Chrysler Group LLC ("Chrysler Group") provides these supplemental responses to Plaintiffs' First Set of Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

Chrysler Group objects to Plaintiffs' definitions to the extent they seek to impose obligations with respect to discovery beyond those required by the applicable statutes and rules of court, and to the extent they attempt to ascribe to certain words or phrases meanings other than their customary and ordinary meanings.  The responses set forth herein are made solely for the purpose of this action.  Each response is made subject to all objections as to competence, materiality, relevance, or other objection as to admissibility that may apply in the event that any such response, or the information contained therein, is sought to be used in court.  Chrysler Group expressly reserves all such objections.

## SUPPLEMENTAL RESPONSE TO REQUEST NOS. 3, 5 AND 7

REQUEST NO. 3:  All FMEA Documents relating to the TIPM in Class Vehicles.

RESPONSE NO. 3:  Chrysler Group will provide, under the protective order, available documents related to Failure Mode and Effects Analysis ("FMEA") conducted on the TIPMs assembled into the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles.

SUPPLEMENTAL RESPONSE NO. 3:  After reasonable and diligent search and inquiry, Chrysler Group has not located documents responsive to this request.  Chrysler Group notes that FMEAs are supplier documents.

REQUEST NO. 5:  All DVP&R Documents relating to the TIPM in Class Vehicles.

RESPONSE NO. 5:  Chrysler Group will provide, under the protective order, available Design Verification Plan & Reports ("DVP&R") for the TIPMs assembled into

1

the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles.

SUPPLEMENTAL RESPONSE NO. 5:  After reasonable and diligent search and inquiry, Chrysler Group has not located documents responsive to this request.  Chrysler Group notes that DVP&Rs are supplier documents.


REQUEST NO. 7:  All communications with and Documents provided to a government agency relating to the TIPM in Class Vehicles, including the NHTSA, EPA, or the California Air Resources Board.

RESPONSE NO. 7:  Chrysler Group will search its records for communications, if any, with the National Highway Traffic Safety Administration ("NHTSA"), the Environmental Protection Agency ("EPA"), or the California Air Resources Board ("CARB") related to the TIPMs assembled into the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles.  If any such documents are identified, a copy will be provided.

SUPPLEMENTAL RESPONSE NO. 7:  After reasonable and diligent search and inquiry, Chrysler Group has not located documents responsive to this request.


Dated: June 18, 2014

THOMPSON COBURN LLC

By: _____

Kathy A. Wisniewski
John W. Rogers
*Attorneys for Defendant*
*Chrysler Group LLC*

2

## CERTIFICATE OF SERVICE

The undersigned certifies that on this **18**th day of June, 2014, a copy of Chrysler Group LLC's Supplemental Response to Request Nos. 3, 5 and 7 of Plaintiffs' First Set of Requests for Production of Documents was served by electronic and first class mail on:

Eric H Gibbs
Dylan Hughes
Caitlyn D. Finley
David K. Stein
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108

Todd M. Schneider
Joshua G. Konecky
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104

*Attorneys for Plaintiffs*

*Attorneys for Chrysler Group LLC*

CHRYSLER GROUP LLC'S SUPPLEMENTAL RESPONSE TO REQUEST NOS. 3, 5 AND 7 OF
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 2:13-CV-08080-DDP (VBKx)

# EXHIBIT 2-C

1  Rowena Santos CSB 210185
2  rsantos@thompsoncoburn.com
   THOMPSON COBURN LLP
3  2029 Century Park East, 19th Floor
   Los Angeles, California 90067
4  Tel: 310.282.2500 / Fax: 310.282.2501

5  THOMPSON COBURN LLP
   Kathy A. Wisniewski (admitted pro hac vice)
6  kwisniewski@thompsoncoburn.com
   John W. Rogers (admitted pro hac vice)
7  jrogers@thompsoncoburn.com
   One US Bank Plaza
8  St. Louis, Missouri 63101
   Telephone:  (314) 552-6000
9  Facsimile:  (314) 552-7000

10  *Attorneys for Defendant Chrysler Group LLC*

11

12

13

14

15

16              **UNITED STATES DISTRICT COURT**
17              **CENTRAL DISTRICT OF CALIFORNIA**

18
   PETER VELASCO, *et al.*,              Case No. 2:13-cv-08080-DDP (VBKx)
19
                 Plaintiffs,             **CHRYSLER GROUP LLC'S**
20                                       **SUPPLEMENTAL RESPONSE TO**
                                         **REQUEST NO. 12 OF PLAINTIFFS'**
21         v.                            **FIRST SET OF REQUESTS FOR**
                                         **PRODUCTION OF DOCUMENTS**
22
   CHRYSLER GROUP LLC,
23
                 Defendant.
24

25

26

27

28

Chrysler Group LLC ("Chrysler Group") provides this supplemental response to Plaintiffs' First Set of Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

Chrysler Group objects to Plaintiffs' definitions to the extent they seek to impose obligations with respect to discovery beyond those required by the applicable statutes and rules of court, and to the extent they attempt to ascribe to certain words or phrases meanings other than their customary and ordinary meanings. The responses set forth herein are made solely for the purpose of this action. Each response is made subject to all objections as to competence, materiality, relevance, or other objection as to admissibility that may apply in the event that any such response, or the information contained therein, is sought to be used in court. Chrysler Group expressly reserves all such objections.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 12

<u>REQUEST NO. 12:</u>  All Documents that refer to a potential or actual recall or customer satisfaction program involving the TIPM in Class Vehicles.

<u>RESPONSE NO. 12:</u>  The TIPMs assembled into the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles are not the subject of a recall or customer satisfaction notice. If the TIPMs assembled into the 2011 and 2012 Jeep Grand Cherokee (WK), Dodge Durango (WD), and Dodge Grand Caravan (RT) vehicles become the subject of a recall or customer satisfaction notice, Chrysler Group will supplement this response accordingly.

Chrysler Group otherwise objects to this request to the extent it seeks documents about potential actions because, to this extent, it is overly broad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Chrysler Group is investigating TIPM performance in the field and will decide upon a course of action, if any, when the investigation is completed.

1

CHRYSLER GROUP LLC'S SUPPLEMENTAL RESPONSE TO REQUEST NO. 12 OF
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>SUPPLEMENTAL RESPONSE NO. 12:</u>  Chrysler Group incorporates by reference its initial response and objections to Request No. 12.

On August 26, 2014 the Vehicle Regulations Committee approved Recall P54, related to the TIPM-7 Fuel Pump Relay in the 2011 Jeep Grand Cherokee (WK) and the 2011 Dodge Durango (WD).  Chrysler Group will provide, under the protective order, a copy of the VRC Agenda dated August 26, 2014 and the VRC Meeting Minutes dated August 28, 2014, which contain information about Recall P54.  Chrysler Group will also provide a copy of information submitted to NHTSA and a dealer notification regarding the recall.

The recall is expected to launch on or around October 24, 2014, at which time additional documents will become available related to the recall, including an exemplar of the recall letter.  At that time, this response will be further supplemented to provide the additional documents.

Dated: October **2**, 2014

THOMPSON COBURN LLC

By: _____

John W. Rogers
*Attorneys for Defendant*
*Chrysler Group LLC*

2

## CERTIFICATE OF SERVICE

The undersigned certifies that on this **2nd** day of October, 2014, a copy of Chrysler Group LLC's Supplemental Response to Request No. 12 of Plaintiffs' First Set of Requests for Production of Documents was served by electronic and first class mail on:

Eric H Gibbs
Dylan Hughes
David K. Stein
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108

Todd M. Schneider
Joshua G. Konecky
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104

*Attorneys for Plaintiffs*

*Attorneys for Chrysler Group LLC*

CHRYSLER GROUP LLC'S SUPPLEMENTAL RESPONSE TO REQUEST NO. 12 OF
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 2-D

1  Rowena Santos CSB 210185
   rsantos@thompsoncoburn.com
2  THOMPSON COBURN LLP
3  2029 Century Park East, 19th Floor
   Los Angeles, California 90067
4  Tel: 310.282.2500 / Fax: 310.282.2501

5
6  THOMPSON COBURN LLP
   Kathy A. Wisniewski (admitted pro hac vice)
7  kwisniewski@thompsoncoburn.com
   John W. Rogers (admitted pro hac vice)
8  jrogers@thompsoncoburn.com
9  One US Bank Plaza
10 St. Louis, Missouri  63101
   Telephone:  (314) 552-6000
11 Facsimile:  (314) 552-7000
12
13 *Attorneys for Defendant Chrysler Group LLC*

14

15

16

17            **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
18

19 PETER VELASCO, *et al.,*                Case No. 2:13-cv-08080-DDP (VBKx)
20
              Plaintiffs,                  **CHRYSLER GROUP LLC'S**
21                                         **SUPPLEMENTAL RESPONSE TO**
22     v.                                  **INTERROGATORY NO. 4 OF**
                                           **PLAINTIFFS' FIRST SET OF**
23 CHRYSLER GROUP LLC,                     **INTERROGATORIES**
24
              Defendant.
25

26

27

28

Chrysler Group LLC provides this supplemental response to Plaintiffs' First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Chrysler Group LLC objects to Plaintiffs' definitions to the extent they seek to impose obligations with respect to discovery beyond those required by the applicable statutes and rules of court, and to the extent they attempt to ascribe to certain words or phrases meanings other than their customary and ordinary meanings. The response set forth herein is made solely for the purpose of this action. The response is made subject to all objections as to competence, materiality, relevance, or other objection as to admissibility that may apply in the event that any such response, or the information contained therein, is sought to be used in court. Chrysler Group LLC ("Chrysler Group") expressly reserves all such objections.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4

INTERROGATORY NO. 4:  List each database, system, or software used to store, query, or analyze:

a.  Actual or anticipated failure or replacement rates;

b.  Durability data;

c.  Warranty data;

d.  Part sales, replacements, or returns data;

e.  Quality data, including quality defect data;

f.  Condition, issue, problem, or defect occurrence rates;

g.  Reports from suppliers about vehicle conditions, issues, problems, or defects;

1

h.      Component quality analysis team (CQAT) reports, summaries, or memoranda;

i.      Results, summaries, or reports of quality or problem solving methodologies, such as Six Sigma, Shainin (Red X), or Kepner Tregoe;

j.      Results, summaries, or reports of root cause analyses; and

k.      Lessons learned relating to vehicle conditions, issues, problems, or defects.

RESPONSE NO. 4:

a.      Chrysler Group does not have a database or system to track anticipated or actual "failure rates" for a particular part or system in the ordinary course of business.  However, engineering groups and responsible engineers monitor field reports, customer complaints, warranty and other post-sale data to understand the performance of vehicles and their systems.

b.      Durability testing is maintained in the PGTIS database.  To the extent component durability testing was done, such testing would typically be conducted by the component supplier.  If durability testing is conducted as part of a root cause analysis, to the extent documents exist, they would be maintained in the relevant files of the responsible engineers.

c.      Warranty data is maintained in an enterprise database known as the Global Warranty System ("GWS").

d.      Chrysler Group's MOPAR division is responsible for the sale, demand, and distribution of replacement or service parts to authorized dealers and sellers. The database used to track these sales is called Mopar Parts.

e., f., h., i., and j.  Chrysler Group does not have an enterprise-wide database or system that warehouses the analysis or study of post-sale field data for vehicles, system-level components or parts in the ordinary course of business.  However, in general, engineering groups and responsible engineers monitor and sometimes analyze the field report data stored in

2

1  CAGRIS, the customer complaint data stored in the CAIR system, and/or

2  the warranty data stored in the GWS to understand the performance of

3  vehicles, system-level components, or parts. To the extent such data

4  analytics were performed, they may have been retained by engineering

5  groups and/or responsible engineers according to record retention

6  requirements and on file servers or other data storage areas assigned to the

7  group or individual.

8        Chrysler Group otherwise objects to sub-part (e) as vague in its use

9  of the term "quality defect data."

10    (g)  Chrysler Group does not have an enterprise-wide database or system that

11  warehouses all information about vehicle issues or problems reported by

12  suppliers. Under certain circumstances, limited information about parts that

13  were returned under a claim of warranty are inspected by the supplier and

14  stored in the PRAS database.  Otherwise, reports from suppliers about the

15  post-sale condition of the components or parts they supply would be in the

16  relevant files of the responsible engineering groups and/or responsible

17  engineers. Chrysler Group objects to Plaintiff's definitions to the extent

18  they seek to impose obligations with respect to discovery beyond those

19  required by the applicable statutes and rules of court, and to the extent they

20  attempt to ascribe to certain words or phrases meanings other than their

21  customary and ordinary meanings.

22    (k)  Chrysler Group does not maintain a system or database containing

23  documents related to "[l]essons learned relating to vehicle conditions,

24  issues, problems, or defects."

25      Chrysler Group otherwise objects to this interrogatory as overly broad and

26  because it seeks information that is neither relevant nor reasonably calculated to lead to

27  the discovery of admissible evidence.

28

3

1    <u>SUPPLEMENTAL RESPONSE NO. 4:</u>  Chrysler Group's Supplemental

2    Response to Interrogatory No. 4 dated September 5, 2014 is hereby withdrawn and

3    amended with the following supplemental response.

4         Chrysler Group incorporates by reference its initial response and objections to

5    Interrogatory No. 4.

6         Chrysler Group's initial response identified the major data sources and systems

7    that it uses to evaluate the post-sale performance of Chrysler Group vehicles.

8    Specifically, durability testing is maintained in the Proving Grounds Testing Information

9    System ("PGTIS"); warranty data is maintained in the Global Warranty System

10    ("GWS"); field report data is maintained in the Customer Advocate Group Remote

11    Imaging System ("CAGRIS"); customer complaint and communication data is

12    maintained in the Customer Assistance Inquiry Records ("CAIR") system; data related

13    to the distribution and sale of replacement or service parts is maintained in the Mopar

14    Parts system; and vehicle or component issues reported by a supplier are maintained in

15    the Parts Return Analysis System ("PRAS").

16         In addition to these data sources and systems, Chrysler Group sometimes relies on

17    search engines that allow, among other things, text searches to be conducted on certain

18    data sources and systems that store post-sale performance data on Chrysler Group

19    vehicles, including some of the data sources identified above.  Two of these search

20    engines are the Quality Narrative Analyzer ("QNA") and the Data Analysis Product

21    Information System ("DAPIS").

22         Responsible engineers and other personnel utilize these data sources and systems

23    to understand the post-sale performance of vehicles, their systems, and component parts.

24    These data sources and systems are also routinely utilized in responding to inquiries and

25    investigations by the National Highway Traffic Safety Administration and in responding

26    to discovery requests in litigation.

27

28

4

1    To the extent that the interrogatory seeks identification of every "database,

2  system, or software" that is used by Chrysler Group "to store, query, or analyze" each

3  and all of the broad subjects identified in subsections (a)-(k), Chrysler Group maintains

4  its objections that the interrogatory is vague, overly broad, and because it seeks

5  information that is neither relevant nor reasonably calculated to lead to the discovery of

6  admissible evidence.

7    Further responding to this interrogatory, Chrysler Group states that in its initial

8  document productions, it provided Plaintiffs with over 60,000 pages of documents,

9  including documents related to the design of the TIPM-7, related engineering material,

10  process, and performance standards, and TIPM-7 engineering change notices.  Chrysler

11  Group thereafter collected documents from key engineers and Regulatory Affairs

12  personnel involved in the investigation of the TIPM-7.  From this document sweep,

13  Chrysler Group produced over 25,000 pages of documents from these key custodians.

14  These documents contained analytics performed in connection with the TIPM-7

15  investigations, presentations and reports made by Chrysler Group and the supplier, root

16  cause analyses, and analyses of field data, warranty data, and customer complaint data.

17    There are many thousands of data sources in existence at Chrysler Group and it

18  would be extraordinarily burdensome for Chrysler Group to identify every "database,

19  system, or software" that is used by Chrysler Group "to store, query, or analyze" issues

20  related to its vehicles.  Nevertheless, upon request and to the extent possible, for

21  documents previously produced relating to the TIPM-7, Chrysler Group will identify the

22  actual data source(s) of a specific document, and the system, software or tool used to

23  analyze or create the document.  In addition, upon request, Chrysler Group will provide,

24  to the extent possible, the same information for documents it produces in this litigation

25  in the future.

26

27

28

5

1    Dated: October **8**, 2014            **THOMPSON COBURN LLC**

2

3                                         By: _____
                                             Kathy A. Wisniewski
4                                            John W. Rogers
                                             *Attorneys for Defendant*
5                                            *Chrysler Group LLC*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          6

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 8th day of October 2014, a copy of Chrysler Group LLC's Supplemental Response to Interrogatory No. 4 of Plaintiffs' First Set of Interrogatories was served by electronic and first class mail on:

Eric H. Gibbs
Dylan Hughes
David K. Stein
Rachel A. Naor
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108

Todd M. Schneider
Joshua G. Konecky
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104

*Attorneys for Plaintiffs*

*Attorneys for Chrysler Group LLC*

7

STATE OF MICHIGAN     )
                      )
COUNTY OF OAKLAND )


      Louann Van Der Wiele, being first duly sworn, deposes and says that she is Vice

President and Associate General Counsel – Litigation & Regulation for Chrysler Group

LLC; that she has read the foregoing **CHRYSLER GROUP LLC'S SUPPLEMENTAL**

**RESPONSE TO INTERROGATORY NO. 4 OF PLAINTIFFS' FIRST SET OF**

**INTERROGATORIES** and subscribed to the same on behalf of Chrysler Group LLC; that

the foregoing responses are based on information communicated by Chrysler Group LLC

personnel and other persons and information obtained from books and records of

Chrysler Group LLC; and that she has no reason to believe that the foregoing responses

are not true and correct.

                                                             _____
                                                LOUANN VAN DER WIELE

Subscribed and sworn to before me
In Oakland County, Michigan on
this 9th  day of  October , 2014


_____
Notary Public, State of Michigan, County of_____
Acting in Oakland County
My Commission Expires: _____

     Miroslawa J. Miller
Notary Public: Oakland County, MI
My Commission Expires: 4/28/2021

# EXHIBIT 2-E

**Rogers, John W.**

| | |
|---|---|
| **From:** | David Stein <ds@girardgibbs.com> |
| **Sent:** | Friday, September 05, 2014 11:28 PM |
| **To:** | Rogers, John W. |
| **Cc:** | Eric Gibbs; Dylan Hughes; tschneider@schneiderwallace.com; jkonecky@schneiderwallace.com; Wisniewski, Kathy A.; Santos, Rowena G. |
| **Subject:** | Re: Velasco |

John,

We've reviewed Chrysler's brief supplement.  We've spoken and exchanged multiple letters regarding Chrysler's databases, software, and systems over the last several months, and yet Chrysler has still disclosed only a handful of data sources containing raw data; still insists that it has no databases, software, or system that is uses to query or analyze warranty data, field data, or supplier data; and still insists that it does not have databases, software, or systems where failure analysis, root cause analysis, and executive summaries are stored.  As we've stated from the outset, we are familiar with how automobile companies store, query, and analyze data, and do not find it plausible that Chrysler is the only major auto company that does not use these systems.  It is simply not believable that Chrysler relies only on Microsoft Excel for its analytics and does not use dedicated systems to query and analyze its available data and store the results for future reference.  We intend to file a motion to compel Chrysler to correct its responses and provide a complete list of the databases, software, and systems it uses to store, query, or analyze the data listed in Interrogatory No. 4.  Please let us know when you are available for a Rule 37-1 call.

Thanks,

David Stein
Girard Gibbs LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Phone: (415) 981-4800
Fax: (415) 981-4846
DS@girardgibbs.com
www.girardgibbs.com

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to notify us immediately by return email, or by telephone at (415) 981-4800. Thank you.

> On Sep 5, 2014, at 1:41 PM, "Rogers, John W." <JRogers@thompsoncoburn.com> wrote:
>
> Counsel, please find Chrysler Group's supplemental response to Interrogatory No. 4.
>
> Have a nice weekend.
>

> 
> John W. Rogers
> jrogers@thompsoncoburn.com
> P: 314.552.6257
> F: 314.552.7257
> M: 314.602.6257
> Thompson Coburn LLP
> One US Bank Plaza
> St. Louis, MO  63101
> www.thompsoncoburn.com<http://www.thompsoncoburn.com>
> 
> 
> 
> 
> 
> 
> _____
> 
> CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.
> 
> <Supp Response to Int 4.pdf>

# EXHIBIT 2-F

**Rogers, John W.**

| | |
|---|---|
| **From:** | Rogers, John W. |
| **Sent:** | Tuesday, September 23, 2014 10:55 AM |
| **To:** | David Stein (ds@girardgibbs.com); Eric Gibbs; Dylan Hughes; Rachel A. Naor; tschneider@schneiderwallace.com; jkonecky@schneiderwallace.com |
| **Cc:** | Wisniewski, Kathy A.; D'Aunoy, Stephen A.; Morgan, Scott H.; Santos, Rowena G. |
| **Subject:** | Velasco |

David, I believe we have some outstanding discovery disputes.  Specifically, Plaintiffs are not satisfied with Chrysler Group's response to interrogatory No. 4.  We are available this week to meet and confer.  Let us know what works for you.

As to Plaintiffs' challenge to Chrysler Group's confidential designation of certain documents (via your email of Tuesday, September 16), we are reviewing them, but probably will not be ready to meet and confer until sometime next week once that review is complete.

As to Plaintiffs' request that the court make certain confidential documents public in Plaintiffs' "application to seal evidence or file in the public record", Chrysler Group needs a response to my email yesterday so that it can take appropriate action to protect itself.  As I said in that email, I believe that the requested relief (and the procedure that plaintiffs' followed) does not comply with the court's protective order and is highly improper. In any event, are Plaintiffs contending that the documents filed under seal with the "motion for a preliminary injunction" are improperly designated as confidential?  If so, please send us the requisite letter identifying what documents plaintiffs believe are improperly designated as required by the court's protective order.

**John W. Rogers**
jrogers@thompsoncoburn.com
P: 314.552.6257
F: 314.552.7257
M: 314.602.6257

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO  63101
www.thompsoncoburn.com

# EXHIBIT 2-G

**Rogers, John W.**

| | |
|---|---|
| **From:** | David Stein <ds@girardgibbs.com> |
| **Sent:** | Thursday, September 25, 2014 3:49 PM |
| **To:** | Rogers, John W. |
| **Cc:** | Wisniewski, Kathy A.; Santos, Rowena G.; Eric Gibbs; Dylan Hughes; tschneider@schneiderwallace.com; jkonecky@schneiderwallace.com |
| **Subject:** | RE: Velasco |
| **Attachments:** | Joint Stipulation of Discovery Dispute.DOCX |

John,

Since we did not hear back from Chrysler within 10 days of my September 5th email, we prepared the attached stipulation regarding Chrysler's responses to Interrogatory No. 4.  Please send us Chrysler's portion of the stipulation by October 2nd so we can get it filed.  We can discuss when we talk Monday.

The declaration and exhibits referenced in the stipulation can be viewed at https://girardgibbs.sharefile.com/d/s3ce0b83788b4dab8.

Dave Stein
Girard Gibbs llp
601 California Street, 14th Floor
San Francisco, CA 94108
Phone: (415) 981-4800
Fax: (415) 981-4846
DS@girardgibbs.com
www.girardgibbs.com

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to notify us immediately by return email, or by telephone at (415) 981-4800. Thank you.


-----Original Message-----
From: David Stein
Sent: Friday, September 05, 2014 9:28 PM
To: Rogers, John W.
Cc: Eric Gibbs; Dylan Hughes; tschneider@schneiderwallace.com; jkonecky@schneiderwallace.com; Wisniewski, Kathy A.; Santos, Rowena G.
Subject: Re: Velasco

John,

We've reviewed Chrysler's brief supplement.  We've spoken and exchanged multiple letters regarding Chrysler's databases, software, and systems over the last several months, and yet Chrysler has still disclosed

only a handful of data sources containing raw data; still insists that it has no databases, software, or system that is uses to query or analyze warranty data, field data, or supplier data; and still insists that it does not have databases, software, or systems where failure analysis, root cause analysis, and executive summaries are stored.  As we've stated from the outset, we are familiar with how automobile companies store, query, and analyze data, and do not find it plausible that Chrysler is the only major auto company that does not use these systems.  It is simply not believable that Chrysler relies only on Microsoft Excel for its analytics and does not use dedicated systems to query and analyze its available data and store the results for future reference.  We intend to file a motion to compel Chrysler to correct its responses and provide a complete list of the databases, software, and systems it uses to store, query, or analyze the data listed in Interrogatory No. 4. Please let us know when you are available for a Rule 37-1 call.

Thanks,

David Stein
Girard Gibbs LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Phone: (415) 981-4800
Fax: (415) 981-4846
DS@girardgibbs.com
www.girardgibbs.com

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to notify us immediately by return email, or by telephone at (415) 981-4800. Thank you.

> On Sep 5, 2014, at 1:41 PM, "Rogers, John W." <JRogers@thompsoncoburn.com> wrote:
>
> Counsel, please find Chrysler Group's supplemental response to Interrogatory No. 4.
>
> Have a nice weekend.
>
>
> John W. Rogers
> jrogers@thompsoncoburn.com
> P: 314.552.6257
> F: 314.552.7257
> M: 314.602.6257
> Thompson Coburn LLP
> One US Bank Plaza
> St. Louis, MO  63101
> www.thompsoncoburn.com<http://www.thompsoncoburn.com>
>
>
>
>

> 
> 
> _____
> 
> CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.
> 
> <Supp Response to Int 4.pdf>