Leslie A. Bailey (SBN 232690)
lbailey@publicjustice.net
Jennifer D. Bennett (SBN 296726)
jbennett@publicjustice.net
**Public Justice, P.C.**
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155

*Attorneys for Intervenor Center for Auto Safety*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER VELASCO, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CHRYSLER GROUP LLC,<br><br>　　　　　Defendant. | Case No. 2:13-cv-08080-DDP (VBKx)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**<br><br>Date: December 1, 2014<br>Time: 10:00 a.m.<br>Judge: Honorable Dean D. Pregerson<br>Courtroom: 3 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ..................................................................................................1

FACTUAL BACKGROUND ................................................................................2

INTERESTS OF MOVANT ..................................................................................3

ARGUMENT ..........................................................................................................4

INTERVENTION IS WARRANTED BECAUSE THE CENTER FOR AUTO SAFETY MEETS THE PREREQUISITES FOR PERMISSIVE INTERVENTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(B). ......................................................................................................................4

I.   THE CENTER'S MOTION TO INTERVENE IS TIMELY .........................6

II.  THE CENTER'S MOTION TO INTERVENE SHARES A QUESTION OF LAW IN COMMON WITH THE MAIN ACTION ............8

CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Beckman Indus., Inc. v. Int'l Ins. Co.,*
    966 F.2d 470 (9th Cir. 1992) ................................................................ 5, 6, 9

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
    647 F.3d 893 (9th Cir. 2011) ........................................................................ 7

*EEOC v. National Children's Center*,
    146 F.3d 1042 (D.C. Cir. 1998) .................................................................... 5

*In re Beef Indust. Antitrust Litig.*,
    589 F.2d 786 (5th Cir. 1979) ........................................................................ 5

*Jessup v. Luther*,
    227 F.3d 993 (7th Cir. 2000) ................................................................ 5, 8, 9

*Kamakana v. City & Cnty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ................................................................. 4, 9

*Nixon v. Warner Commc'ns*,
    435 U.S. 589 (1978) ...................................................................................... 4

*Pansy v. Borough of Stroudsburg*,
    23 F.3d 772 (3d Cir. 1994) ............................................................................ 8

*Pub. Citizen v. Liggett Grp., Inc.*,
    858 F.2d 775 (1st Cir. 1988) ......................................................................... 8

*S.E.C. v. AOB Commerce, Inc.*,
    No. CV 07-4507 (CAS), 2013 WL 5405697 (C.D. Cal. Sept. 23, 2013) ........ 6

*San Jose Mercury News*, *Inc. v. U.S. District Court-Northern District (San Jose)*,
    187 F.3d 1096 (9th Cir. 1999) ......................................................... 5, 6, 7, 9

*United Nuclear Corp. v. Cranford Ins. Co.*,
    905 F.2d 1424 (10th Cir. 1990) .................................................................... 8

*Washington State Bldg. & Construction Trades Council, AFL-CIO v. Spellman*,
    684 F.2d 627 (9th Cir. 1982) ........................................................................ 5

_____
Memorandum in Support of Motion To Intervene    ii

**Rules**

Federal Rule of Civil Procedure 24(b)..................................................................5

# INTRODUCTION

The Center for Auto Safety ("the Center") moves to intervene pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of seeking public access to the sealed court records in *Velasco v. Chrysler*, No. 2:13-cv-08080-DDP. It is difficult to imagine a situation in which the public's interest in access to court records would be stronger than this case, where the records might demonstrate that the cars they are driving are unsafe.

As explained below, the Center has a strong interest in the sealed court records in this lawsuit: It has received over one hundred fifty complaints about a dangerous malfunction in the Totally Integrated Power Module ("TIPM") of certain Chrysler models – the defect alleged in the complaint; it has petitioned the National Highway Traffic Safety Administration (NHTSA) to investigate these reports; and it plans to use evidence related to the defect to evaluate any possible safety risk, inform NHTSA, and educate the public.  The documents filed in conjunction with the parties' briefing on the plaintiffs' motion for a preliminary injunction could aid the Center in its efforts to investigate whether certain Chrysler vehicles do, indeed, contain a defective TIPM, and, if so, educate the public and the government about the safety risks such a defect might pose.

The Center meets the requirements for permissive intervention under Rule 24(b) and should be permitted to intervene for the limited purpose of seeking public access to these documents.

## FACTUAL BACKGROUND

On November 1, 2013, the plaintiffs filed a putative class action on behalf of consumers in six states alleging that several Chrysler vehicles contain a defective TIPM, that this defect is dangerous to drivers, and that Chrysler is aware of the defect but nevertheless concealed it from its customers and refused to help with repairs.  (*See* Compl. [Docket No. 1].)  On September 18, 2014, the plaintiffs filed a motion for preliminary injunction, arguing that "[t]he risk of serious injury from widespread TIPM failures . . . is too high to justify keeping Chrysler's customers in the dark any longer."  (Pls.' Mem. Supp. Mot. Prelim. Inj. [Docket No. 49] at 2.)  But as this Court is aware, most of the documents filed in conjunction with the motion – including Chrysler's entire memorandum in opposition – were filed under seal.  (*See* Docket Nos. 48, 53-57, 61-66, 73-74.)   And the precise relief the plaintiffs requested – that is, the warning they have asked this Court to require Chrysler to issue – is redacted.  (*See* Pls.' Mem. Supp. Mot. Prelim. Inj. 1, 6.)  So too is much of (what appears to be) the plaintiffs' description of evidence of the defect, possibly from Chrysler itself; the dangers the defect might pose; and

Chrysler's knowledge – and concealment – of the problem.  (*See id.* at 1, 4-5, 8-11.)

The plaintiffs explain why, in their view, it is essential that Chrysler warn its customers now: "What makes Chrysler's silence particularly dangerous is that – [redacted]."  (*Id.* at 8.)  The public – some of whose safety might be at risk – have an exceedingly strong interest in knowing what is behind that redaction – and, more generally, what information the sealed documents in this case contain.

The Center moves to intervene for the limited purpose of seeking access to these records.  In conjunction with this motion to intervene, the Center has also filed a motion to unseal.

## INTERESTS OF MOVANT

The Center has a strong interest in intervening in this case to obtain access to the documents sealed in this proceeding.  The Center is a national non-profit devoted to promoting automobile and highway safety.  (Ditlow Decl. ¶ 2.)  Its goal is to make cars and roads safer by educating the public, testifying before Congress, and petitioning federal agencies to investigate – and, where necessary, remedy – automobile safety issues.  (*See id.* ¶¶ 2-3.)

The Center has a long history of working to get defective vehicles and unsafe equipment off the road.  It has repeatedly petitioned NHTSA to investigate unsafe

vehicles and had a substantial role in bringing about the four largest automobile-related recalls in American history. (*Id.* ¶ 3.)

The Center is particularly concerned about the alleged TIPM defect at issue in this case. As of the filing of this motion, it has received over one hundred fifty consumer complaints about TIPM malfunction in Chrysler vehicles. (*Id.* ¶ 5.) On August 21, 2014, it petitioned NHTSA to investigate. (*Id.* ¶ 6.) The agency has 120 days – or until December 19, 2014 – to decide whether to grant the petition. (*Id.* ¶ 8.) During that time, the Center will continue to submit further information in support of its petition, including – if they are unsealed – any relevant information obtained from the court records in this case. (*Id.*) In addition, the Center will share any information it receives with its members, the public, and should there be a congressional hearing on the matter, with Congress. (*Id.* ¶ 10.)

## ARGUMENT

## INTERVENTION IS WARRANTED BECAUSE THE CENTER FOR AUTO SAFETY MEETS THE PREREQUISITES FOR PERMISSIVE INTERVENTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(B).

Courts have long recognized that the public has a presumptive right of access to judicial records. *See, e.g.*, *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Nonparties to a civil lawsuit may seek access to sealed court records by moving for

permissive intervention under Federal Rule of Civil Procedure 24(b).[1]  *San Jose Mercury News, Inc. v. U.S. District Court-Northern District (San Jose)* 187 F.3d 1096, 1100 (9th Cir. 1999); *cf. Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 472 (9th Cir. 1992) (noting the "ample support" for recognizing Rule 24(b) intervention "as a proper method to modify a protective order").  The Ninth Circuit has instructed that Rule 24 should be construed liberally "in favor of applicants for intervention."  *Washington State Bldg. & Construction Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982).

Ordinarily, a party seeking permissive intervention must demonstrate: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."  *San Jose Mercury News,* 187 F.3d at 1100 (internal quotation marks omitted).  Where, however, as here, intervenors "do not seek to litigate a claim on the merits," but rather intervene for the limited purpose of

---

[1] To be sure, the application of Rule 24(b) to nonparties seeking access to court documents is an awkward fit.  Nevertheless, every court of appeal to consider the issue, including the Ninth Circuit, has concluded that permissive intervention is an appropriate vehicle to challenge the sealing of court records.  *See, e.g.*, *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000); *EEOC v. National Children's Center*, 146 F.3d 1042, 1045 (D.C. Cir. 1998); *Beckman Indust. Inc.*, 966 F.2d at 473; *In re Beef Indust. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979).  As explained below, these courts have simply liberally interpreted the requirements of Rule 24 in this context to accommodate intervention.

seeking access to documents, "an independent jurisdictional basis is not required." *Beckman*, 966 F.2d at 473; *see San Jose Mercury News*, 187 F.3d at 1100. Thus, the Center need only show that its motion is timely and that it shares a common question of law or fact with the main action. It can easily do so.

### I.     THE CENTER'S MOTION TO INTERVENE IS TIMELY

Courts in the Ninth Circuit consider three factors to determine whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) prejudice to other parties; and (3) the reason for and length of [any] delay." *San Jose Mercury News*, 187 F.3d at 1100-01. All three factors weigh in favor of granting the Center's motion.

There has been no delay in seeking intervention. The plaintiffs' application to seal evidence was granted on September 26, 2014. (*See* Order Granting Pls.' Am. Application To Seal Evid. [Docket No. 52].) The motion for preliminary injunction was not fully briefed until October 13, 2014. (*See* Reply [Docket No. 68].) And the hearing on that motion is not scheduled until October 27, 2014. (*See* Order Stip. To Continue Hearing [Docket No. 59].) "[D]elays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News,* 187 F.3d at 1101; *see also S.E.C. v. AOB Commerce, Inc.*, No. CV 07-4507 (CAS), 2013 WL 5405697, at *1 (C.D. Cal. Sept. 23, 2013) (permitting intervention for the purpose of unsealing

documents "five years after th[e] case was settled"). Here, the Center has moved to intervene within a few weeks. Thus, it has moved without delay to enter the litigation at precisely the stage in which the documents it seeks to access were sealed. The first and third factors therefore counsel in favor of granting the Center's motion. *Cf. San Jose Mercury News*, 187 F.3d at 1101 (holding that intervention twelve weeks after entry of an order sealing a document was timely).

So too does the second factor: Permitting the Center to intervene for the limited purpose of unsealing documents will not prejudice the parties. The Center does not seek to intervene in the merits of the lawsuit, or, in fact, to participate in the lawsuit in any way. It seeks intervention only because, as explained above, that is the procedural vehicle by which it may request access to court records that – in its view – ought to be public. There is, therefore, no reason to believe that the Center's intervention will "cause disruption or delay in the proceedings."[2] *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (explaining that where intervention is limited to the "collateral purpose" of seeking access to court documents, "prejudice in the adjudication of the rights of

---

[2] Furthermore, the Ninth Circuit has explained that, "assuming an intervenor does assert a legitimate, presumptive right to open the court record of a particular dispute, the potential burden or inequity to the parties should affect not the right to intervene but, rather, the court's evaluation of the merits of the applicant's motion to lift the protective order." *San Jose Mercury News*, 187 F.3d at 1101 (internal quotation marks omitted).

---

the existing parties" is not "a concern"); *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 786 (1st Cir. 1988) ("[I]f the desired intervention relates to an ancillary issue and will not disrupt the resolution of the underlying merits, untimely intervention is much less likely to prejudice the parties."). The Center thus meets all three prongs of the Ninth Circuit's timeliness standard.

## II. THE CENTER'S MOTION TO INTERVENE SHARES A QUESTION OF LAW IN COMMON WITH THE MAIN ACTION

Several courts have held that the question of whether documents should be sealed is itself a question of law in common with the main action sufficient to support permissive intervention. *See, e.g.*, *Jessup*, 227 F.3d at 998-99 (7th Cir. 2000) ("Although the Parties take a very different view [than the intervenor] of the matter of confidentiality, nevertheless, that confidentiality is – in the language of Rule 24(b)(2) – a 'question of law . . . in common' between the Parties and the [intervenor]." (alteration in original)); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) ("By virtue of the fact that the [intervenors] challenge the validity of the Order of Confidentiality entered in the main action, they meet the requirement of Fed. R. Civ. P. 24(b)(2) that their claim must have 'a question of law or fact in common' with the main action."). Although the Ninth Circuit has not explicitly affirmed this principle, it has repeatedly upheld the intervention of nonparties for purposes of challenging a protective order in cases where there was

no common question except the propriety of the order. *See Kamakana*, 447 F.3d at 1176; *San Jose Mercury News*, 187 F.3d at 1100. And in doing so, it has characterized its own caselaw as "holding that . . . [a] strong nexus of fact or law [is] not required where [an] intervenor merely seeks to challenge a protective order." *Id.* (citing *Beckman*, 966 F.2d at 473-74).

The reason for this is clear: If courts insisted that intervenors seeking court records raise a common question with the main action beyond the question of whether the records should be sealed, there would be no way for members of the public to gain access to records unless they had some personal interest in the case. This would vitiate the public's right of access to court records. *See Jessup*, 227 F.3d at 998; *see also Kamakana*, 447 F.3d at 1178 (explaining the importance of and justification for the common law right of access to judicial records). Accordingly, the Center's contention that records in this case should be unsealed is sufficient to support its motion for intervention.[3]

---

[3] Even if the Center were required to demonstrate an additional common question of law or fact, it could do so: The Center's goal is to determine whether the TIPM on certain Chrysler vehicles is defective. This question is at the heart of the main action.

# CONCLUSION

Because the Center satisfies all the requirements for permissive intervention for the purpose of access to court records, its motion to intervene should be granted.

DATE:   October 23, 2014              Respectfully submitted,

             By:   /s/ Leslie A. Bailey
                Leslie A. Bailey [SBN 232690]
                Jennifer D. Bennett [SBN 296726]
                **Public Justice, P.C.**
                *Attorneys for Intervenor Center for Auto Safety*