Leslie A. Bailey (SBN 232690)
lbailey@publicjustice.net
Jennifer D. Bennett (SBN 296726)
jbennett@publicjustice.net
**Public Justice, P.C.**
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155

*Attorneys for Intervenor Center for Auto Safety*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER VELASCO, *et al.* <br><br>               Plaintiffs, <br><br>     v. <br><br> CHRYSLER GROUP LLC, <br><br>               Defendant. | Case No. 2:13-cv-08080-DDP (VBKx) <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL** <br><br> Date: December 1, 2014 <br> Time: 10:00 a.m. <br> Judge: Honorable Dean D. Pregerson <br> Courtroom: 3 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION ........................................................................................ 1

ANALYSIS ................................................................................................ 3

I.   BECAUSE THIS COURT HAS NOT HELD THAT THERE
     ARE COMPELLING REASONS TO SEAL THE DOCUMENTS
     ASSOCIATED WITH PLAINTIFFS' PRELIMINARY
     INJUNCTION MOTION, THE RECORDS SHOULD BE
     UNSEALED PURSUANT TO THE PUBLIC'S COMMON LAW
     RIGHT OF ACCESS. ............................................................................ 4

     A.   The Documents Submitted in Conjunction with a
          Preliminary Injunction Motion May Only Be Sealed if the
          Proponent of Sealing Demonstrates Compelling Reasons
          That Outweigh the Public's Right of Access. ........................... 4

     B.   Chrysler Has Not Met Its Burden of Articulating
          Compelling Reasons to Justify Sealing the Records in This
          Case. ...................................................................................... 8

II.  THE PRELIMINARY INJUNCTION DOCUMENTS SHOULD
     BE UNSEALED PURSUANT TO THE FIRST AMENDMENT
     RIGHT OF ACCESS TO COURT RECORDS. ..................................... 11

III. THE DOCUMENTS SHOULD BE UNSEALED WITHOUT
     DELAY. ............................................................................................. 12

CONCLUSION ........................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Biovail Labs., Inc. v. Anchen Pharm., Inc.*,
    463 F. Supp. 2d 1073 (C.D. Cal. 2006)......................................................10

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
    710 F.2d 1165 (6th Cir. 1983) .........................................................................1

*California Motor Transp. Co. v. Trucking Unlimited*,
    404 U.S. 508 (1972)......................................................................................13

*Courthouse News Serv. v. Planet*,
    750 F.3d 776 (9th Cir. 2014) ............................................. 3, 10, 12, 13

*Dish Network L.L.C. v. Sonicview USA, Inc.*,
    No. 09-CV-1553 L (NLS), 2009 WL 2224596
    (S.D. Cal. July 23, 2009) ..............................................................................7

*EEOC v. Erection Co., Inc.*,
    900 F.2d 168 (9th Cir. 1990) ......................................................................10

*F.T.C. v. AMG Servs., Inc.*,
    No. 2:12-CV-536-GMN-VCF, 2012 WL 3562027
    (D. Nev. Aug. 15, 2012) ...........................................................................6, 7

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) ............................................... 3, 4, 9

*In re Air Crash at Lexington, Ky.*,
    No. CIV A 506-CV-316-KSF, 2009 WL 1683629
    (E.D. Ky. June 16, 2009) ..............................................................................1

*In re Nat'l Sec. Agency Telecomm. Records Litig.*,
    No. MDL 06-1791 (VRW), 2007 WL 549854
    (N.D. Cal. Feb.20, 2007) ..............................................................................7

*In re Roman Catholic Archbishop of Portland in Oregon*,
    661 F.3d 417 (9th Cir. 2011) ...................................................................9, 10

*Kamakana v. City & Cnty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) .......................................................... passim

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006) ........................................................................11

*Melaleuca Inc. v. Bartholomew*,
    No. 4:12-CV-00216-BLW, 2012 WL 5931690
    (D. Idaho Nov. 27, 2012)........................................................................6, 7

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978)............................................................................ 1, 3, 4

*Perry v. Brown*,
    667 F.3d 1078 (9th Cir. 2012) ...............................................................11

*Phillips v. General Motors Corp.*,
    307 F.3d 1206 (9th Cir.2002) .................................................................5

*Pintos v. Pacific Creditors Association*,
    605 F.3d 665 (9th Cir. 2010) ................................................................10

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am.*
    *v. U.S. Dep't of Agric.*,
    415 F.3d 1078 (9th Cir. 2005) ................................................................6

*San Jose Mercury News, Inc. v. U.S. District Court-Northern District (San Jose)*,
    187 F.3d 1096 (9th Cir. 1999) ...........................................................4, 9

*Selling Source, LLC v. Red River Ventures, LLC*,
    No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338
    (D.Nev. April 29, 2011)........................................................................6, 7

*United States v. Bus. of Custer Battlefield Museum & Store*,
    658 F.3d 1188 (9th Cir. 2011) ................................................................3

*Wood v. Ryan*,
    759 F.3d 1076 (9th Cir. 2014) ..............................................................10

*Yountville Investors, LLC v. Bank of Am., N.A.*,
    No. C08-425RSM, 2009 WL 411089, (W.D. Wash. Feb. 17, 2009)..............7

# INTRODUCTION

The public's right of access to court records is firmly protected by the common law and the First Amendment.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  This right is particularly important here, where the plaintiffs allege that a major car company concealed a dangerous safety defect that could affect millions of drivers.  (*See* Second Am. Compl. [Docket No. 39] ¶ 1.)  *Cf. Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that "[t]he public has a strong interest in obtaining the information contained in the court record," where the "litigation potentially involves the health of citizens"); *In re Air Crash at Lexington, Ky.*, No. CIV A 506-CV-316-KSF, 2009 WL 1683629, at *8 (E.D. Ky. June 16, 2009) ("[T]he public interest in a plane crash that resulted in the deaths of forty-nine people is quite strong, as is the public interest in air safety.").

The plaintiffs have moved for a preliminary injunction requesting this Court order Chrysler to warn its customers about the defect.  (*See* Notice Mot. Prelim. Inj. [Docket No. 49], at 1.)  But many of the documents relating to that motion have been sealed.  (*See* Docket Nos. 48, 53-57, 61-66, 73-74.)  Even the requested warning itself has been redacted.  (*See* Notice Mot. Prelim. Inj. 1.)  The Center for Auto Safety ("the Center") has moved to intervene for the limited purpose of

seeking access to these documents.[1]  As explained in the motion to intervene, the Center has a strong interest in these records: It plans to use them to support its petition to the National Highway Traffic Safety Administration to investigate the alleged defect and to educate the public about any safety concerns.

The plaintiffs do not oppose the Center's motion to unseal.  They only moved to seal the documents in the first place because the parties had stipulated to a protective order under which a party filing discovery information marked confidential was required to move to seal that information.  (*See* Stip. Prot. Order [Docket No. 35] ¶5; Am. Application To Seal Evidence [Docket No. 51] at 2.)  The plaintiffs therefore, despite believing their motion (and accompanying documents) ought to be public, moved to seal the portions that included or referred to information they had received in discovery that Chrysler marked confidential.  (*See* Am. Application To Seal Evidence 2.)  There is no indication in Chrysler's notice of manual filing of its opposition and the exhibits thereto of why those documents ought not be public. (*See* Notice Manual Filing [Docket No. 60], at 1.)  This Court has not yet made any findings as to whether there is a compelling reason for sealing the records related to the motion for preliminary injunction.  Therefore, unless Chrysler can articulate – and provide the required factual support for – a compelling reason to seal the documents, they should be unsealed immediately.

_____

[1] The Center has filed a separate Motion to Intervene and Brief in Support of the Motion.

# ANALYSIS

Both the common law and the First Amendment strongly protect the public's right to access court records.  *See Nixon*, 435 U.S. at 597; *Courthouse News Serv. v. Planet*, 750 F.3d 776, 787-78 (9th Cir. 2014); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Court documents are presumptively public.  *See United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194-95 (9th Cir. 2011); *Kamakana*, 447 F.3d at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  They may be sealed only where a party articulates a "compelling reason" for doing so.  *Kamakana*, 447 F.3d at 1178.  Here, Chrysler has not articulated (nor has this Court found) *any* reason for sealing the documents related to plaintiffs' preliminary injunction motion.  Unless it does so, under the common law right of access as well as the First Amendment, the records must be unsealed.

I.  **BECAUSE THIS COURT HAS NOT HELD THAT THERE ARE COMPELLING REASONS TO SEAL THE DOCUMENTS ASSOCIATED WITH PLAINTIFFS' PRELIMINARY INJUNCTION MOTION, THE RECORDS SHOULD BE UNSEALED PURSUANT TO THE PUBLIC'S COMMON LAW RIGHT OF ACCESS.**

A.  **The Documents Submitted in Conjunction with a Preliminary Injunction Motion May Only Be Sealed if the Proponent of Sealing Demonstrates Compelling Reasons That Outweigh the Public's Right of Access.**

Both the Supreme Court and the Ninth Circuit have affirmed the common law right of the public "to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 & n. 7; *Kamakana*, 447 F.3d at 1178.  Unless a document is one that is "traditionally kept secret" – such as a grand jury transcript or a pre-indictment warrant – there is "a strong presumption in favor of access" to court records.  *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted).  This presumption can be overcome only if the party seeking to seal the record "'articulate[s] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure."[2]  *Id.* (quoting *Foltz v*, 331 F.3d at 1135).

Like documents filed with the court, documents produced in discovery (but not filed) are also, "in the absence of a court order to the contrary, presumptively public."  *San Jose Mercury News, Inc. v. U.S. District Court-Northern District*

---

[2]  Redactions of court records are subject to the same scrutiny as records sealed in their entirety.  *See Kamakana*, 447 F.3d at 1183-84.

*(San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  They may be sealed if (and only if) the proponent of sealing makes a "particularized showing" that there is "good cause" to do so – that is, that sealing is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Kamakana*, 447 F. 3d at 1180 (internal quotation marks omitted).  This "good cause" standard is lower than the "compelling reasons" standard that applies to most court records. *See id.*

Where, as here, documents produced in discovery become part of the court record because they were filed in conjunction with a motion, the standard applied to whether those documents may be sealed depends on whether the motion to which they are attached is dispositive.   If the motion is not dispositive – such as, for example, a motion for discovery sanctions, *see Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002)  – the documents will likely be "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F. 3d at 1179 (internal quotation marks omitted).  Where, however, discovery documents are filed in conjunction with a dispositive motion, they may only be sealed if there are "compelling reasons" to do so.  *Id.*   The Ninth Circuit has explained that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including . . . related attachments" because "the resolution of a dispute on the merits . . .  is at the heart of the interest in

_____

ensuring the public's understanding of the judicial process and of significant public events." *Id.* (internal quotation marks omitted).

The plaintiffs' motion for preliminary injunction in this case should be treated as a dispositive motion for purposes of the public's right of access because it is "directly relevant to the merits of the case," *id.* at 1180. This makes sense: To determine whether a preliminary injunction should be granted, a court must evaluate the moving party's "likelihood of success on the merits." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1092 (9th Cir. 2005). The adjudication of motions for preliminary injunction thus "involve[s] significant discussion of the merits of the case and provide[s] the public an insight into how the court evaluates the merits of the action." *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338 at *5 (D. Nev. April 29, 2011); *accord Melaleuca Inc. v. Bartholomew*, No. 4:12-CV-00216-BLW, 2012 WL 5931690, at *2 (D. Idaho Nov. 27, 2012). This is particularly true here, where the motion for preliminary injunction and the merits of the case address precisely the same issue: the alleged failure of the Totally Integrated Power Module ("TIPM"). (*Compare, e.g.*, Pls. Mem. Supp. Prelim. Inj. [Docket No. 49] at 1, *with* Second Am. Compl. ¶ 1.) Adjudication of the preliminary injunction motion is thus far from "tangential[ ] . . . to the underlying cause of action"; it is precisely the kind of

determination of the merits – albeit preliminary – the Ninth Circuit has held is subject to a strong presumption of access.  *See Kamakana*, 447 F. 3d at 1179 (internal quotation marks omitted).  Therefore, the compelling reasons standard must apply.

Most district courts to have considered this issue have reached the same conclusion.  *See, e.g.*, *Melaleuca*, 2012 WL 5931690, at *2 (collecting cases); *F.T.C. v. AMG Servs., Inc.*, No. 2:12-CV-536-GMN-VCF, 2012 WL 3562027, at *2 (D. Nev. Aug. 15, 2012); *Selling Source*, 2011 WL 1630338 at *5.  *But see In re Nat'l Sec. Agency Telecomm. Records Litig.*, No. MDL 06-1791 (VRW), 2007 WL 549854 at *3 (N.D. Cal. Feb. 20, 2007).  In *Melaleuca*, for example, the District of Idaho held that although a "motion for preliminary injunction is not the quintessential dispositive motion," it should be treated as dispositive for purposes of access to court records because it requires "significant discussion of the merits of the case."  *Melaleuca Inc.*, 2012 WL 5931690, at *2 (internal quotation marks omitted).  Similarly, the District of Nevada has held that preliminary injunction motions should be treated as dispositive in this context for the same reason.  *See Selling Source, LLC*, 2011 WL 1630338 at *5; *F.T.C. v. AMG Servs., Inc.*, 2012 WL 3562027, at *2; *see also Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-CV-1553 L (NLS), 2009 WL 2224596, at *6 (S.D. Cal. July 23, 2009) (holding that a motion for temporary restraining order that "directly addresses the merits of

the action and seeks injunctive relief before trial" should be treated as dispositive for purposes of the public right  of access to court records); *Yountville Investors, LLC v. Bank of Am., N.A.*, No. C08-425RSM, 2009 WL 411089, at *1 (W.D. Wash. Feb. 17, 2009) (explaining that a "motion for a preliminary injunction is treated as a dispositive motion under" the rules governing the sealing of documents).

The compelling reasons standard thus applies to all the court records that have been sealed in this case.  The parties' briefs on the motion for preliminary injunction are clearly court records to which the strong presumption of public access applies.  And the discovery documents filed in support of those briefs are subject to the same presumption because the preliminary injunction motion should be treated as dispositive for purposes of the public's right of access.  To maintain the documents under seal, then, Chrysler "must articulate compelling reasons" for sealing, "supported by specific factual findings."  *Kamakana*, 447 F.3d at 1178. As explained below, it has failed to do so.

**B.** **Chrysler Has Not Met Its Burden of Articulating Compelling Reasons to Justify Sealing the Records in This Case.**

There is no indication that Chrysler has demonstrated – or that this Court has found – "compelling reasons supported by specific factual findings," *id.*, for sealing the documents related to the motion for a preliminary injunction.  The minute order granting the defendant permission to file its opposition papers under

seal does not explain the basis for this decision.  (*See* Minute Order [Docket No. 62].)  And the orders granting the plaintiffs permission to file under seal stated only that "good cause appear[ed]" for doing so.  (*See* Order Granting Pls.' Am. Application To Seal [Docket No. 52], at 1; Order Granting Application To Seal [Docket No. 72], at 1.)

But good cause is insufficient to maintain documents related to a preliminary injunction motion under seal.   The court records may only remain sealed for compelling reasons.  And, as explained above, "[a] 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."  *Kamakana*, 447 F.3d at 1180 (internal quotation marks omitted); *see Foltz*, 331 F.3d at 1135-36 .

Furthermore, even if the good cause standard were applicable here, the proponent of sealing still must make a "particularized showing" that the standard is met.  *Foltz*, 331 F.3d at 1138.  That is, it is not enough to state that there is good cause; a "party opposing disclosure has the burden of *proving* good cause, which requires a showing that specific prejudice or harm will result" if a document is not sealed.  *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (emphasis added and internal quotation marks omitted).  There is no evidence that Chrysler has made such a showing.  And the plaintiffs have expressly stated that, in their view, the court records should be made public.  (*See* Am. Application To Seal Evidence 1.)

The stipulated protective order does not change this analysis.  "The right of access to court documents belongs to the public; the parties may not "bargain [it] away."  *San Jose Mercury News*, 187 F.3d at 1101.  Because the protective order was stipulated, it appears the magistrate judge did not determine whether there was good cause or compelling reason to enter the order, let alone make particularized findings that the specific documents filed with the court related to the preliminary injunction motion were properly designated confidential.  If Chrysler wishes the documents to remain sealed, it must therefore establish – with respect to *each* document or redaction – that sealing is proper.  *See In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d at 424; *Biovail Labs., Inc. v. Anchen Pharm., Inc.*, 463 F. Supp. 2d 1073, 1079-80 (C.D. Cal. 2006).  Because Chrysler has not articulated, and the Court has not found, any compelling reason for keeping the documents at issue here secret, there is nothing to rebut the strong presumption of public access to court records, and the documents must be unsealed.  *See Pintos v. Pacific Creditors Association*, 605 F.3d 665, 679 (9th Cir. 2010) (reversing district court's order sealing discovery material attached to dispositive motions where the court neglected to determine whether compelling reasons exist to seal the documents at issue); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (reversing an order sealing documents because the district court had failed to

articulate "any reasoning or findings underlying its decision" to seal the court documents).

## II.   THE PRELIMINARY INJUNCTION DOCUMENTS SHOULD BE UNSEALED PURSUANT TO THE FIRST AMENDMENT RIGHT OF ACCESS TO COURT RECORDS.

In addition to the common law right of access, the First Amendment protects the public's right of access to the court records in this case.  The Ninth Circuit recently joined several other courts of appeals in holding that the First Amendment right of access to court records applies to civil as well as criminal proceedings.  *See Courthouse News Serv. v. Planet*, 750 F.3d 776, 787-78 (9th Cir. 2014) (citing cases from other circuits); *Wood v. Ryan*, 759 F.3d 1076, 1081-82 (9th Cir. 2014) *vacated on other grounds*, 2014 WL 3600362 (U.S. July 22, 2014) ("[W]e recently acknowledged the First Amendment right of access to civil proceedings and associated records and documents." (internal quotation marks omitted)).

The First Amendment standard is even more demanding than that under the common law right of access: A party seeking to seal documents must demonstrate not only a "compelling interest" in sealing, but also a "high probability" that this interest would be harmed if the documents were disclosed and that "there are no alternatives to closure that would adequately protect the compelling interest." *Perry v. Brown*, 667 F.3d 1078, 1088 (9th Cir. 2012) (internal quotation marks omitted).  As explained above, no party has identified a "compelling interest" in

sealing the filings associated with the plaintiffs' motion for preliminary injunction, let alone demonstrated how this interest would be harmed by public access to the documents or that there are no alternatives to sealing. The filings should therefore be unsealed.

## III.   THE DOCUMENTS SHOULD BE UNSEALED WITHOUT DELAY.

Several courts have "emphasize[d]" that "where a right of access is found," access should be granted "immediate[ly]." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (citing cases). Because court records are public by default, the sealed filings should be unsealed as soon as this Court determines that there is no valid basis for keeping them secret. The Court "need not document compelling reasons to *un*seal; rather the proponent of sealing bears the burden [to demonstrate that sealing is proper]. A failure to meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1181-82 (emphasis added).

The Ninth Circuit has explained that delay in permitting access to court records impairs not only the right of access itself, but also the right of free speech. *See Courthouse News Serv.*, 750 F.3d at 788. In *Courthouse News Service*, a news organization challenged a state court's refusal to give the organization same-day access to newly filed civil complaints under the common law right of access and the First Amendment. *See id.* at 789. The district court abstained and dismissed

the lawsuit because of pending state court litigation about a state law that also provided a right of access to court records. *See id.* The Ninth Circuit held that abstention was improper because it would delay adjudication of the organization's right to access court records. *See id.* at 793. The court explained that this delay could "harm[] [the organization's] free speech interests" by "prevent[ing] it from engaging in protected activity" – in that case, reporting on new lawsuits. *Id.* at 788. So too, in this case, delay could harm the Center's ability to engage in protected activity: The Center only has until December 19, 2014 to supplement its petition requesting that the National Highway Traffic Safety Administration investigate the alleged TIPM safety defect. Any delay in unsealing the records at issue may impede the Center's ability to petition the Administration to take action. *See California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("[T]he right to petition extends to all departments of the Government."). In addition, it will hinder the Center's efforts to timely inform the public about the defect and the "ongoing judicial proceedings" surrounding it. *Courthouse News Serv.*, 750 F.3d at 788.

Therefore, unless the parties can demonstrate compelling reasons to keep the documents filed in conjunction with the plaintiffs' preliminary injunction motion sealed, they should be unsealed immediately.

1

**CONCLUSION**

2

This Court should unseal the documents filed in conjunction with the

3

4

plaintiffs' motion for preliminary injunction.

5

DATE:        October 23, 2014                Respectfully submitted,

6

7

                                    By:    /s/ Leslie A. Bailey

8

                                           Leslie A. Bailey [SBN 232690]
                                           Jennifer D. Bennett [SBN 296726]

9

                                           **Public Justice, P.C.**

10

                                           *Attorneys for Intervenor*
                                           *Center for Auto Safety*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28