Eric H. Gibbs (SBN 178658)
David Stein (SBN 257465)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:  (415) 981-4800
Facsimile:   (415) 981-4846
Email: ehg@girardgibbs.com

Todd M. Schneider (SBN 158253)
Joshua G. Konecky (SBN 182897)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: tschneider@schneiderwallace.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER VELASCO, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CHRYSLER GROUP LLC,<br><br>　　　　　Defendant. | Case No. 2:13-cv-08080-DDP (VBKx)<br><br>**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

The parties to this litigation have entered into a Class Action Settlement Agreement ("Settlement"), which if approved, would resolve this putative class action. Plaintiffs have filed a motion for preliminary approval of the Settlement, which Defendant FCA US LLC (formerly Chrysler Group LLC) supports. The Court has read and considered the Settlement and all exhibits thereto, including the proposed class notice, and finds there is sufficient basis for (1) granting preliminary approval of the Settlement, (2) certifying the proposed class for settlement purposes, (3) appointing Plaintiffs as Class Representatives, their counsel as Class Counsel, and Dahl Administration as the Notice Administrator, (4) directing that notice be disseminated to the class, and (5) setting a hearing at which the Court will consider whether to grant final approval of the Settlement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1. The Court preliminarily certifies the following settlement class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons who purchased or leased a model-year 2011, 2012, and/or 2013 Dodge Durango or Jeep Grand Cherokee vehicle in the United States.
>
> Excluded from the Class are FCA US and all of its affiliates, parents, subsidiaries, successors, and assigns; the officers, directors, and employees of FCA US; all entities which purchased a vehicle solely for purposes of resale; and any judge to whom this case is assigned.

2. The Court appoints Plaintiffs Marcos Galvan, Philip Lightfoot, Jimmy Pat Carter, Jacqueline Young, Bradford Soule, and Elizabeth Dillon as Class Representatives.

3. The Court appoints Girard Gibbs LLP and Schneider Wallace Cottrell Konecky Wotkyns LLP to serve as Class Counsel.

4. The Court appoints Dahl Administration to serve as Notice Administrator and directs Dahl to carry out the duties and responsibilities specified in this Order and the Settlement.

5. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met. Joinder of all members of the class in a single proceeding would be impractical, if not impossible, because of their numbers and dispersion. Common issues exist among class members and predominate over questions affecting only individual class members; in particular, each class member's claims depend on whether the TIPM-7 installed in Class Vehicles was defective. Plaintiffs' claims are typical of those of the class, as Plaintiffs own Class Vehicles and complain of the same undisclosed TIPM-7 defect that forms the basis of all class members' claims. Plaintiffs and their counsel will fairly and adequately protect the interests of the class; Plaintiffs have no interests antagonistic to those of the class, and have retained counsel experienced and competent to prosecute this matter on behalf of the class. Finally, a class settlement is superior to other available methods for a fair resolution of the controversy.

6. The Court preliminarily approves the proposed Settlement, finding that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the class. The Court finds that the Settlement contains no obvious deficiencies, falls within the range of possible approval, and that the parties entered into the Settlement in good faith, following arms-length negotiations between their respective counsel with the assistance of neutral mediator.

7. The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the class set forth in the Settlement. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

8. Within 30 days of entry of this Order, FCA US shall determine the name and most current mailing address of all Class Members who can be reasonably identified from its records, or records reasonably available to it, and shall provide such information to Dahl Administration. Dahl Administration shall, within 30 days of receiving such information, mail each identified Class Member a Class Notice substantially in the form attached hereto as **Exhibit 1**.

9. Dahl Administration shall maintain a settlement website where Class Members can receive additional information about the litigation and settlement. The website shall include a long-form notice substantially in the form attached hereto as **Exhibit 2**. The website shall also include, at a minimum, copies of the Settlement Agreement, the operative complaint, and this order.

10. Dahl Administration shall keep the consumer identifying information provided to it by FCA US private and confidential, sharing it only with the counsel of record in this case for purposes necessary for the full and complete dissemination of notice. The Parties to this case, and their counsel, shall treat all consumer identifying information provided by FCA US to Dahl as private, highly confidential, and proprietary, and shall not distribute it to any other persons and shall not use it for any purpose not related to the distribution of the class notice as set forth herein.

11. FCA US shall comply with the requirements of 28 U.S.C. § 1715(b) and serve notice of the proposed settlement upon the appropriate federal official and the appropriate State official of each State in which a class member resides. FCA US shall provide a copy of its form of this submission to Class Counsel, and, upon request, a list of the persons upon whom such notice was served.

12. No later than 10 days before the Final Fairness Hearing, FCA US shall provide an affidavit for the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with this Order.

13. As set forth in the Settlement, FCA US shall bear all costs and expenses in connection with providing notice to the class, complying with 28 U.S.C. § 1715(b), and administering the proposed settlement.

14. A hearing on entry of **final approval of the Settlement**, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives (the **"Final Fairness Hearing"**) shall be held at **10:00 A.M. on January 11, 2016**, in Courtroom 3 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California. At the Final Fairness Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable, and adequate for the class, and judgment entered on the terms stated in the Settlement; and (b) whether Plaintiffs' application for an award of attorney fees and expenses to Class Counsel and service awards to Class Representatives ("Fee Application") should be granted.

15. Any Class Member shall have the right to opt out of the Class and the Settlement by mailing or delivering a written request for exclusion to Dahl Administration at the address set forth in the Class Notice. Any request for exclusion must be postmarked or delivered not later than December 9, 2015. Any request for exclusion shall (i) state the Class Member's full name and current address, (ii) provide the model year and Vehicle Identification Number ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state his/her/its desire to be excluded from the Settlement Agreement and from the Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement. Any Class Member who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement.

16. Counsel for the respective Parties shall file memoranda, declarations, or other statements and materials in support of the request for final approval of the parties' settlement no later than November 18, 2015.

17. Class Counsel shall file an application for an award of attorneys' fees and costs and for service awards to the named Plaintiffs ("Fee Application") no later than November 18, 2015.

18. Any Class Member who wishes to object to the Settlement must, on or before December 9, 2015, submit a written notice of objection to Dahl Administration. To state a valid objection, an objecting Class Member must provide the following information in his, her, or its written objection: (i) his/her/its full name, current address, and current telephone number; (ii) the model year of his/her/its Class Vehicle(s), as well as the VIN of his/her/its Class Vehicle(s); (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (iv) copies of any other documents the objector wishes to submit in support of his/her/its position; and (v) sign and date the objection. In addition, any objecting Class Member shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years. If the Class Member or his or her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he, she, or it shall affirmatively so state in the written materials provided in connection with the objection.

19. Any objecting Class Member may appear at the Final Fairness Hearing, provided that the Class Member's written objection includes a statement of the Class Member's intent to appear. If the Class Member intends to appear at the Final Fairness Hearing through counsel, the Class Member's written objection must also state the identity of any attorney who will appear at the Final Fairness Hearing on the Class Member's behalf. Any Class Member who does not state his or her intention to appear in complete accordance with the deadlines and other specifications set forth in the Class

1  Notice, and who has not filed an objection in complete accordance with the deadlines
2  and other specifications set forth in this Settlement Agreement and the Class Notice, will
3  be deemed to have waived any objections to the Settlement Agreement and can be
4  barred from speaking or otherwise presenting any views at the Court's final approval
5  hearing.

6  　　　20.　　The filing of an objection allows Class Counsel or counsel for FCA US to
7  notice such objecting person for and take his, her, or its deposition consistent with the
8  Federal Rules of Civil Procedure at an agreed-upon location, and to seek any
9  documentary evidence or other tangible things that are relevant to the objection.  Failure
10 by an objector to make himself/herself/itself available for a deposition or comply with
11 expedited discovery requests may result in the Court striking the objection and otherwise
12 denying that person the opportunity to be heard.  The Court may tax the costs of any
13 such discovery to the objector or the objector's counsel should the Court determine that
14 the objection is frivolous or made for improper purpose.

15 　　　21.　　These procedures and requirements for objecting are intended to ensure the
16 efficient administration of justice and the orderly presentation of any Class Member's
17 objection to the Settlement Agreement, in accordance with the due process rights of all
18 Class Members.

19 　　　22.　　No later than December 23, 2015, the parties shall file any reply in support
20 of final approval of the Settlement and Plaintiffs shall file any reply in support of the Fee
21 Application.

25 　　///
26 　　///
27 　　///

6

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 2:13-cv-08080-DDP (VBKx)

23. The Court reserves the right to adjust the date of the Fairness Hearing and related deadlines. In that event, the revised hearing date or deadlines shall be posted on the settlement website(s) referred to in the class notice, and the parties shall not be required to re-send or re-publish class notice.

Dated: August 31, 2015

HON. DEAN D. PREGERSON
United States District Judge

# Exhibit 1

**NOTICE OF PROPOSED
CLASS ACTION SETTLEMENT**

If you own or lease a **2011-2013 Dodge Durango or Jeep Grand Cherokee**, a proposed class action settlement may affect your rights.

**Recall Reminder:**  Participate in the ongoing Totally Integrated Power Module (TIPM) safety recall by contacting your dealer to schedule a service appointment.

**Settlement Benefits**:  Benefits provided under the settlement relate to a failed TIPM.  Plaintiffs contend that a failed TIPM can include difficulty starting a vehicle, a fuel pump that fails to turn off, and unexpected stalling.  The settlement benefits include:

(1)  Warranty Extension.  The warranty on the fuel pump relay component used to repair the TIPM will be extended to 7 years/70,000 miles;

(2)  Clarification of Reimbursement Eligibility.  If you incurred repair or rental car expenses related to a failed TIPM you may be eligible for reimbursements.  See reverse side for more information.

**To Opt-Out:**  If you do not wish to participate in the proposed settlement, you may exclude yourself, but you must do so on or before December 9, 2015.

**To Object**:  If you wish to object to the proposed settlement, you may do so but you must take specific steps on or before December 9, 2015.

**FOR MORE INFORMATION
PLEASE VISIT  [Settlement Website]**

**If you do not have access to the internet you can request a paper copy of the long-form notice by calling:
800-xxx-xxxx**

*Velasco v. Chrysler Group LLC*
**Settlement Administrator
P.O. Box _____
City/State/Zip**

       **Class Member Name
       Class Member Address
       City/State/Zip**

---

**REIMBURSEMENT CHECK LIST**

☐  **Be sure that all reimbursement requests include your current name, address, telephone number, and the vehicle identification number (VIN) of your vehicle.**

☐  **Provide proof of payment for repairs and related expenses (original or copies), or**
    ☐  **If you cannot provide a proof of payment and your vehicle was repaired at an authorized Chrysler, Dodge, and/or Jeep dealership, provide a statement indicating the name and address of the dealership and date of the repair.**

☐  **Sign and date your reimbursement request.**

☐  **Send a letter requesting reimbursement and a copy of all documents identified above to:**
*FCA US Customer Care
PO BOX 21-8007
Auburn Hills, MI 48321-8007*

# Exhibit 2

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
*VELASCO, ET AL. V. CHRYSLER GROUP LLC,* NO: 2:13-CV-08080

# If you own or lease a 2011-2013 Dodge Durango or Jeep Grand Cherokee, a proposed class action settlement may affect your rights.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

The parties are seeking court approval of a proposed class action settlement involving the Totally Integrated Power Module (TIPM) in model-years 2011, 2012, and 2013 Dodge Durango and Jeep Grand Cherokee vehicles.  FCA US is recalling these vehicles and installing a more robust fuel pump relay external to the TIPM.  Under the settlement, FCA US will be providing an extended warranty and clarifying the reimbursement policy for expenses incurred related to a failed TIPM.

Your legal rights and options—and the deadlines to exercise them—are explained in this notice.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **PARTICIPATE IN THE RECALL** | To participate in the ongoing safety recall, contact your Chrysler, Dodge, or Jeep dealership to schedule a service appointment.  See Sections 8-9 for more information. |
| **GET AN EXTENDED WARRANTY** | If you participate in the recall, you will automatically receive an extended warranty for the new fuel pump relay.  See Section 10 for more information. |
| **GET REIMBURSED FOR PAST REPAIRS** | Send a letter requesting reimbursement and a copy of any receipts to FCA US Customer Assistance.  See Section 11 for more information. |
| **ASK TO BE EXCLUDED** | **Give up the right to receive the benefits of this settlement.**  This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case.  See Section 14-16 for more information. |
| **OBJECT TO THE SETTLEMENT** | **Tell the Court if you don't like the settlement.**<br>You must remain a member of the lawsuit (you cannot ask to be excluded) to object to the settlement.  See Sections 20-21 for more information. |
| **DO NOTHING** | **You are bound by the settlement**.  You will be part of the Class and entitled to the benefits from the settlement.  You will give up your rights to sue FCA US about the same or similar legal claims at issue in this lawsuit. |

## I. WHAT THIS NOTICE CONTAINS

**Basic Information**
1. Why did I get this notice?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**Who Is Part Of The Settlement?**
5. How do I know if I am part of the settlement?
6. I'm still not sure if I am included.

**Settlement Benefits—What You Get**
7. What does the settlement provide?
8. What is the potential safety defect?
9. How do I participate in the recall?
10. How do I get an extended warranty?
11. How do I get reimbursed for past expenses?
12. What if my request for reimbursement is denied?
13. What am I giving up to stay in the Class and receive settlement benefits?

**Excluding Yourself From The Settlement**
14. How do I get out of this settlement?
15. If I don't exclude myself, can I sue later?
16. If I exclude myself, can I get the benefits of this Settlement?

**The Lawyers Representing You**
17. Do I have a lawyer in this case?
18. Should I get my own lawyer?
19. How will the lawyers be paid and will there be incentive payments?

**Objecting To The Settlement**
20. How do I tell the Court if I don't like the settlement?
21. What is the difference between objecting and excluding?

**The Court's Fairness Hearing**
22. When and where will the Court decide to approve the settlement?
23. Do I have to come to the hearing?
24. May I speak at the hearing?

**If You Do Nothing**
25. What happens if I do nothing at all?

**Additional Information**
26. Are there more details about the settlement?
27. How do I get more information?

**BASIC INFORMATION**

| 1. | **Why did I get this notice?** |

You got this notice because you may have owned or leased a model-year 2011, 2012, and/or 2013 Dodge Durango or Jeep Grand Cherokee. You have a right to know about a proposed settlement of a class action lawsuit and about your options before the Court decides whether to approve the settlement.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California and the case is known as *Velasco, et al v. Chrysler Group LLC, Inc.*, No. 2:13-cv-08080. The people who sued are called Plaintiffs, and the company they sued, FCA US LLC, which was formerly known as Chrysler Group, LLC, is called the Defendant.

| 2. | **What is this lawsuit about?** |

The lawsuit claims that the Totally Integrated Power Module (TIPM) installed in model-years 2011, 2012, and 2013 Dodge Durango and Jeep Grand Cherokee vehicles is defective and poses a safety hazard. Plaintiffs alleged that FCA US violated the law by failing to disclose the defect to consumers and that it should be required to repair the defect free of charge and reimburse consumers for their out-of-pocket expenses. FCA US denies that it did anything wrong.

You can get information about the progress of the settlement at [Settlement Website].

| 3. | **Why is this a class action?** |

In a class action lawsuit, one or more persons, called Class Representatives (in this case Marcos Galvan, Philip Lightfoot, Jimmy Pat Carter, Jacqueline Young, Bradford Soule, and Elizabeth Dillon), sue on behalf of other people who have similar claims. All of these people form a Class and are Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Dean D. Pregerson is in charge of this class action.

| 4. | **Why is there a settlement?** |

The Court did not decide in favor of Plaintiffs or FCA US. Instead, both sides agreed to a settlement. That way, all parties avoid the risks and cost of a trial, and the people affected will quickly receive a remedy. The Class Representatives and the attorneys think the settlement is best for the Class.

## WHO IS IN THE SETTLEMENT

To see if you will receive benefits from this settlement, you must first decide if you are a Class Member.

### 5. How do I know if I am part of the settlement?

Judge Pregerson decided that everyone who fits this description is a Class Member:

All persons who purchased or leased a model-year 2011, 2012, and/or 2013 Dodge Durango or Jeep Grand Cherokee in the United States.

Excluded from the Class are:  FCA US and all of its affiliates, parents, subsidiaries, successors, and assigns; the officers, directors, and employees of FCA US; all entities which purchased a vehicle solely for purposes of resale; and any judge to whom this case is assigned.

### 6. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get more information at [Settlement Website].  If you need help understanding your rights you can call Class Counsel listed in Section 17 in this notice.


## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 7. What does the settlement provide?

FCA US has initiated a recall of model-years 2011, 2012, and 2013 Dodge Durango and Jeep Grand Cherokee vehicles to install a new, more robust fuel pump relay external to the TIPM.  To participate in this ongoing safety recall, contact your dealer to schedule a service appointment.

Under the settlement, FCA US is also providing an extended warranty that will cover the new fuel pump relay and is clarifying the reimbursement policy for expenses incurred related to a failed TIPM.

### 8. What is the alleged defect?

In the lawsuit, Plaintiffs alleged that the Totally Integrated Power Module (TIPM) in model-years 2011, 2012, and 2013 Dodge Durango and Jeep Grand Cherokee vehicles contains an internal fuel pump relay that may fail, potentially causing the vehicle to stall without warning and potentially leading to a crash.  Plaintiffs alleged that the symptoms of a failing TIPM can include:

- Difficulty starting your vehicle
- A fuel pump that fails to turn off, sometimes leading to a dead battery
- Unexpected stalling

| 9. | How do I participate in the recall? |

If you currently own or lease a model-year 2011, 2012, and/or 2013 Dodge Durango or Jeep Grand Cherokee, you may participate in the ongoing safety recall by contacting your dealer to schedule a service appointment.

| 10. | How do I get an extended warranty? |

You will receive the extended warranty automatically if you participate in the recall. Under this extended warranty, the external fuel pump relay installed during the repair will be covered for a period of 7 years from the vehicle's original date of sale or 70,000 miles, whichever occurs first.

| 11. | How do I get reimbursed for my past repair expenses? |

You can make a reimbursement claim by sending your original receipts and/or other proof of payment to the following address:

FCA US LLC Customer Assistance
P.O. Box 21-8007
Auburn Hills, MI  48321-8007.

If you cannot provide a proof of payment and your vehicle was repaired at an authorized Chrysler, Dodge, and/or Jeep dealership, provide a statement indicating the name and address of the dealership and the date of the repair. Make sure to sign and date your reimbursement request and make sure to include your current name, address, telephone number, and the vehicle identification number (VIN) of your vehicle.

You can seek reimbursement for any part, labor, or rental costs reasonably incurred as a result of the TIPM defect described in Section 8. You can request reimbursement for any costs reasonably related to a failed TIPM, even if those costs are associated with the repair or replacement of parts other than the TIPM itself. You can request reimbursement of costs associated with renting a substitute vehicle if those costs are reasonably related to the alleged TIPM defect.

| 12. | What if my request for reimbursement is denied? |

If you believe your request for a reimbursement was wrongly denied, you may contact Class Counsel listed in Section 17 of this notice. They will attempt to resolve the dispute amicably with counsel for FCA US.

| 13. | What am I giving up to stay in the Class and receive settlement benefits? |

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit about the same legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 14. | How do I get out of this settlement? |

To exclude yourself from the settlement, you must send a letter by U.S. mail (or express mail carrier) saying that you want to be excluded from *Velasco, et al v. Chrysler Group LLC, Inc.*, No. 2:13-cv-08080.  Be sure to include (i) your full name and current address, (ii) the model year and vehicle identification number (VIN) of your Class Vehicle(s), and (iii) specifically and clearly state your desire to be excluded from the Settlement Agreement and from the Class.  You must mail your exclusion request postmarked no later than December 9, 2015 to:

*Velasco v. Chrysler* **Exclusions**
c/o Dahl Administration
Address
State, City, Zip

You cannot exclude yourself on the phone or by e-mail.  If you submit your request to be excluded by U.S. mail or express mail, you will not be entitled to any benefits of the settlement and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

| 15. | If I don't exclude myself, can I sue later? |

No.  Unless you exclude yourself, you give up the right to sue FCA US for the claims that this settlement resolves.  If you have a pending lawsuit against FCA US, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is December 9, 2015.

| 16. | If I exclude myself, can I get the benefits of this Settlement? |

No.  If you exclude yourself from the Class you will not be able to participate in this settlement.  But you may sue, or continue to sue, or be part of a different lawsuit against FCA US.

## THE LAWYERS REPRESENTING YOU

| 17. | Do I have a lawyer in this case? |

The Court has decided that the law firms of Girard Gibbs LLP and Schneider Wallace Cottrell

Konecky Wotkyns LLP are qualified to represent you and all Class Members.  The law firms are called "Class Counsel."  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.  You can contact Class Counsel at (888) xxx-xxxx.

### 18. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But if you want your own lawyer, you may hire one at your own expense.

### 19. How will the lawyers be paid and will there be incentive payments?

Class Counsel will ask the Court to award attorney fees up to $3,526,000, expense reimbursements of up to $120,000, and incentive payment of $4,000 to each of the Class Representatives (Marcos Galvan, Philip Lightfoot, Jimmy Pat Carter, Jacqueline Young, Bradford Soule, and Elizabeth Dillon).  The Court may award less than these amounts.
FCA US will separately pay the fees, expenses, and incentive payments that the Court awards.  These amounts will not come out of the funds for payments to Class Members.  FCA US will also separately pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

### 20. How do I tell the Court if I don't like the settlement?

If you are a Class Member, you can tell the Court that you object to the settlement and think the Court should not approve it.  To object to the settlement, you must send a letter to the following address saying that you object to the settlement on or before December 9, 2015.

*Velasco v. Chrysler* Objections
c/o Dahl Administration
Address
State, City, Zip

Your objection must include (i) your full name, current address, and current telephone; (ii) the model year of your Class Vehicle(s), as well as the vehicle identification number (VIN) of your Class Vehicle(s); (iii) a statement of the position(s) you wish to assert, including the factual and legal grounds for the position; (iv) copies of any other documents you wish to submit in support of your position; and (v) your signature and the date.  In addition, you must provide a detailed list of any other objections submitted by you or your counsel to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years.  If you or your counsel have not objected to any other class action settlements in any court in the United States in the previous five (5) years, you must affirmatively so state in the written materials provided in connection with your objection.

The filing of an objection allows Class Counsel or counsel for FCA US to take your deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any

documentary evidence or other tangible things that are relevant to the objection.  Failure to make yourself available for a deposition or comply with discovery requests may result in the Court striking your objection and otherwise denying you the opportunity to be heard.  The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

| 21. | What is the difference between objecting and excluding myself? |

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class and the settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

| 22. | When and where will the Court decide to approve the settlement? |

The Court will hold a fairness hearing at 10:00 a.m. on January 11, 2016, in Courtroom 3 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Pregerson may listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel or whether to approve incentive awards.  After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make its decision.

| 23. | Do I have to come to the hearing? |

No. Class Counsel will answer questions Judge Pregerson may have. But you are welcome to come at your own expense.

| 24. | May I speak at the hearing? |

If you would like to speak at the hearing about your objections to the settlement, you must add to your letter objecting to the settlement a statement that you intend to appear at the fairness hearing.  If you intend to appear at the fairness hearing through counsel, your objection must also state the identity of all attorneys representing you who will appear at the fairness hearing. You cannot speak at the hearing if you excluded yourself.

### IF YOU DO NOTHING

| 25. | What happens if I do nothing at all? |

If you do nothing, you will be part of the Class and be entitled to the benefits under the settlement.  You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against FCA US about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

### 26. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a paper copy of the Settlement Agreement by visiting [Settlement Website]. If you do not have access to the internet, you can request a copy of the Settlement Agreement by calling (888) xxx-xxxx

### 27. How do I get more information?

You can find more information about this litigation and settlement at the [Settlement Website], where updates regarding the case will be available. You may also call Class Counsel with questions.