Eric H. Gibbs (SBN 178658)
ehg@girardgibbs.com
David Stein (SBN 257465)
ds@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Todd M. Schneider (SBN 158253)
tschneider@schneiderwallace.com
Joshua G. Konecky (SBN 182897)
jkonecky@schneiderwallace.com
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER VELASCO, *et al.*,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>CHRYSLER GROUP LLC,<br><br>　　　　　Defendant. | Case No.  2:13-cv -08080-DDP (VBKx)<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT** |

Plaintiffs' Motion for Final Approval of Class Settlement and Motion for Attorney Fees, Costs, and Service Awards came before the Court for hearing on January 11, 2016, pursuant to the Amended Order Granting Preliminary Approval of Class Settlement dated August 31, 2015 ("Preliminary Approval Order"). Having considered the parties' Class Action Settlement Agreement ("Settlement"), and all papers filed and proceedings had herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

2. All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final. In particular, the Court affirms its findings that the following settlement class meets the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons who purchased or leased a model-year 2011, 2012, and/or 2013 Dodge Durango or Jeep Grand Cherokee vehicle in the United States.
>
> Excluded from the Class are FCA US and all of its affiliates, parents, subsidiaries, successors, and assigns; the officers, directors, and employees of FCA US; all entities which purchased a vehicle solely for purposes of resale; and any judge to whom this case is assigned.

3. The Court finds that notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and that the notice given was the best notice practicable under the circumstances, fully satisfied due process, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that notice provisions of 28 U.S.C. § 1715 were complied with in this case.

4. The Court finds that the Settlement is fair, reasonable, is in the best interests of the Class, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.

5.     The Court finds the attorney fees and costs requested by Class Counsel are fair and reasonable, given Class Counsel's lodestar of $2,843,856, the results achieved through this litigation, and the contingent nature of the fee.  The Court has reviewed the records submitted by Class Counsel and finds reasonably spent over 6,000 hours representing the class's interests through this litigation, that Class Counsel's hourly rates are reasonable and in line with the prevailing rates in the community for complex class action litigation, and that the costs incurred to prosecute the litigation were reasonable.  Accordingly, Class Counsel is hereby awarded attorney fees in the amount of $3,526,000, and costs in the amount of $109,735, both amounts to be paid by Defendant pursuant to the terms of the Settlement.

6.     The Court further finds the requested service awards are fair and reasonable, given the time and effort expended by the Class Representatives on behalf of the Class.  Class Representatives are hereby awarded $4,000 each, to be paid by Defendant pursuant to the terms of the Settlement.

7.     The Release set forth in the Settlement, in Section IV, is incorporated herein and, as of the Effective Date, is binding and effective on all Class Members who have not properly excluded themselves from the Class.

8.     Attached to this Final Order and Judgment is a list setting forth the name of each person who properly excluded themselves from the Class in compliance with the procedures set forth in the Preliminary Approval Order.  The persons so identified shall be neither entitled to benefits from the Settlement nor bound by this Final Order and Judgment.

9.     There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and

1 | the settlement; and (c) the Parties and the Class Members for the purpose of
2 | construing, enforcing, and administering the Settlement Agreement and all orders and
3 | judgments entered in connection therewith.
4 |
5 | Dated: _____      _____
6 |                                   DEAN D. PREGERSON
7 |                                   United States District Court Judge