**FILED**

AUG 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE CENTER FOR AUTO SAFETY, Proposed Intervenor,<br><br>            Movant-Appellant,<br><br>  v.<br><br>CHRYSLER GROUP, LLC,<br><br>            Defendant-Appellee. | No.   17-55269<br><br>D.C. No.<br>2:13-cv-08080-DDP-VBK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted August 6, 2018**
Pasadena, California

Before:  CLIFTON and CALLAHAN, Circuit Judges, and HOYT,*** District Judge.

The Center for Auto Safety ("CAS"), a non-party automobile safety advocacy organization, appeals the denial of CAS's motions to unseal certain

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

documents and to intervene solely for that purpose. We have jurisdiction under 28 U.S.C. § 1291 to review the district court's order denying CAS's motion to unseal. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014). Reviewing the order under the abuse of discretion standard, *see Blum v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 712 F.3d 1349, 1352 (9th Cir. 2013), we affirm.[1]

## I.

Jacqueline Young and other purchasers of certain Dodge Durango and Jeep Grand Cherokee vehicles ("Young plaintiffs") brought a class action suit against Chrysler Group, LLC n/k/a FCA US, LLC ("Chrysler") for purported defects found in power systems installed in those vehicles, known as the Totally Integrated Power Module ("TIPM"). The Young plaintiffs alleged that due to the TIPM defects, the vehicles did not promptly and reliably start, would stall at high speed, had fuel pumps that did not turn off, and experienced random, uncontrollable activity concerning the horn, windshield wipers, and alarm system. The district court issued a protective order permitting the parties to designate certain documents in the case "Confidential" in anticipation of a hearing on the Young plaintiffs' motion for preliminary injunction ("MPI"). Pursuant to this protective order, only parties to the suit had access to documents related to the MPI.

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

CAS filed motions to intervene and to unseal certain records. Chrysler opposed the motions, arguing that "good cause" existed for maintaining the documents under seal and that CAS's motions should be denied. After the district court denied CAS's motions, CAS appealed. We held that because the MPI was more than "tangentially related" to the merits of the case, the district court's order should be vacated and a "compelling reasons" standard should be applied. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1103 (9th Cir. 2016) ("*CAS I*"), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). Therefore, we remanded the case with the instruction that "Chrysler must demonstrate compelling reasons to keep the documents under seal." *CAS I*, 809 F.3d at 1103. CAS now appeals the district court's decision.[2]

CAS maintains that we should review *de novo* the district court's order because the district court failed to conduct a balancing test, weigh the public interest, and acknowledge CAS's submissions. However, abuse of discretion is the appropriate standard here. *See Oliner*, 745 F.3d at 1025 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 n.3 (9th Cir. 2006)). We therefore reject CAS's argument that we should employ *de novo* review; and we assess the appealed aspects of the district court's order under the abuse of discretion standard.

---

[2] The parties to the original litigation settled their dispute and the district court entered a Final Order and Judgment on January 27, 2016.

## II.

We also reject CAS's claim that public interest in the documents outweighs Chrysler's interest in maintaining them under seal. Certainly, the public's "right to inspect and copy public records and documents" including pretrial records and documents filed in a civil case, establishes a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). That presumption may be overcome when a party demonstrates sufficiently compelling reasons for keeping a document under seal. *See Kamakana*, 447 F.3d at 1178-79. When determining whether the counter-rationale for overcoming access to records is sufficiently compelling, courts must consider all relevant factors, including:

> the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. . . . After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citations and internal quotation marks omitted).

In this case, the district court performed a meticulous *in camera* examination of the twenty exhibits at issue; weighed relevant competing interests, without being speculative; and determined that compelling reasons justified Chrysler's

maintaining a category of redacted documents under seal that contained sensitive trade secret and/or personal contact information. Some of these exhibits encompassed information concerning the vehicles' design and development details, including:[3] (1) performance requirements for the cars' electrical components; (2) the TIPM system's engineering performance standard; (3) specific descriptions of how to construct certain parts; (4) the precise testing requirements the parts undergo; and (5) specific technical modifications to the TIPM systems. The district court noted that the documents were the product of Chrysler's economic efforts, such that public disclosure could undermine Chrysler's competitive edge. After painstakingly applying a balancing test, premised on compelling reasons, the district court articulated its factual findings in a well-reasoned order.

Invoking the First Amendment, CAS argues now for a reversal. CAS contends that a federal right to access Chrysler's records exists. Specifically, CAS first raised this argument in a footnote in its prior appeal. We need not address it now, however, because CAS's merely conclusory mention of such an argument in a footnote, without more, did not preserve the matter for appellate review. *See Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996). Consequently, we affirm the district court's conclusion in this respect.

---

[3] CAS argues that the district court did not hold Chrysler to the correct burden, but we disagree. The district court applied the compelling reasons standard as noted.

### III.

CAS argues that the district court erred by denying its motion to intervene. In reviewing a denial of a motion to permissively intervene under Fed. R. Civ. P. 24(b), we only have jurisdiction if the district court abused its discretion in denying the motion. *See In re Benny*, 791 F.2d 712, 720 (9th Cir. 1986) (internal citations omitted); *see also League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307–08 (9th Cir. 1997). Accordingly, we must conduct a "cart-before-the-horse" inquiry and first decide whether the district court abused its discretion in denying the motion. *Wilson*, 131 F.3d at 1308. If we find an abuse of discretion, we retain jurisdiction and reverse. *Id.* If there was no abuse of discretion, we dismiss for want of jurisdiction. *Id.*

Intervention under Rule 24(b) is appropriate where independent grounds for jurisdiction exist, a timely motion has been filed, and a common question of law and fact exists between the proposed intervenor's claim or defense, and the main action. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). No independent jurisdictional basis need be established where, as here, a non-party intervenor seeks to intervene solely for the purpose of ensuring public access to court records. *Id.*

Finding that no outstanding purpose remained for CAS to intervene in the parties' lawsuit, the district court denied CAS's motion to intervene. We

determine that CAS's interest was adequately represented; and conclude that the district court did not abuse its discretion in denying CAS's motion to intervene. *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Accordingly, for want of jurisdiction, we dismiss that portion of CAS's appeal relating to permissive intervention.

    **AFFIRMED**.